# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TERA II, LLC, et al.,

              Plaintiffs,

  v.

RICE DRILLING D, LLC, et al.,

              Defendants.

Case No. 2:19-CV-02221-SDM
JUDGE SARAH D. MORRISON
Magistrate Judge Jolson

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion to Remand and for Attorney's Fees. (Doc. 25). The Undersigned **RECOMMENDS DENYING** the Motion.

### I. BACKGROUND

This lawsuit involves rights under oil and gas leases between Plaintiffs TERA II, LLC, TERA III Honza, LLC, TERA IV, LLC, TERA Watson, LLC, and Thomas Shaw and Defendants Rice Drilling D, LLC ("Rice"), Gulfport Energy Corporation ("Gulfport"), Ascent Resources-Utica, LLC ("Ascent"), Phillips Exploration LLC, ("Phillips"), and XTO Energy, Inc. ("XTO"). The Leases address the rights to develop two oil and gas formations, commonly referred to the Marcellus Shale and Utica Shale.

A dispute arose regarding the scope of Defendants' drilling rights, and Plaintiffs filed suit in the Belmont County, Ohio, Court of Common Pleas on April 24, 2019. In brief, Plaintiffs seek a judgment declaring the parties' rights under the Leases and seek damages from Defendants for trespass, conversion, and unjust enrichment. Defendant Rice Drilling timely removed the case to federal court, and the other defendants consented to the removal. (Docs. 6, 10.)

Plaintiffs responded with a motion to remand, arguing that Defendant Rice "waived its right of removal when it agreed [to] a valid forum selection clause in the [Leases]." (Doc. 25 at 1). The forum selection clause provides:

> **Governing Law and Ohio Courts**: This Lease shall be governed in accordance with the laws of the State of Ohio. Any actions or proceedings arising in connection with this Lease or performance thereunder shall be ascertained and determined by the Ohio state court in the county where the Lease is recorded.

(*Id.*). Relying on this language, Plaintiffs argue that Defendants waived their rights to remove, that "the Court of Common Pleas, Belmont County, Ohio . . . is the state court where the subject lease is recorded," and only that court may adjudicate Plaintiff's claims. (*See generally* Doc. 25). Plaintiffs further assert that are entitled to fees incurred as a result of the improper removal because Defendant Rice "knowingly refuse[d]" to follow the forum selection clause. (*Id.* at 12).

Defendants counter that the forum selection clause is not a "clear and unequivocal" waiver of Defendants' removal rights. So, under Sixth Circuit precedent, their right to remove is still intact. (*See generally* Docs. 38–41). In addition, Defendants XTO, Philips, and Ascent argue that as nonparties to the Leases, they did not waive their removal rights. (Docs. 39–41).

## II.     STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a state court action when a federal court would have original jurisdiction over the action. Here, Defendants sought removal on the basis of diversity jurisdiction. (Doc. 1 at 1). "The right of removal of a suit from state court to federal court is a statutory right," and if the statutory requirements are met, a defendant is entitled to removal. *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990) (citing 28 U.S.C. § 1441)). The statutory right to remove many be waived, but any such waiver must be "clear and unequivocal." *Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 888 (6th Cir. 2009). In determining what constitutes a "clear and unequivocal"

2

intent to waive a right to remove, the Sixth Circuit has held that "[a] clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal." *Id.* (quoting *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008)). Notably, the Sixth Circuit has set the bar higher than other Circuits have. *See, e.g.*, *LaSalle Grp., Inc. v. Tiger Masonry, Inc.*, No. 10-11328, 2010 U.S. Dist. LEXIS 110071, at *10 (E.D. Mich. Oct. 15, 2010) (comparing standards in the Third and Sixth Circuits).

### III. DISCUSSION

The question before the Court is whether the Leases' forum selection clause is a "clear and unequivocal" waiver of Defendants' removal rights. Plaintiffs argue that by agreeing that "[a]ny actions or proceedings" concerning the Leases "shall be ascertained and determined by the Ohio state court in the county where the Lease is recorded," Defendants waived the right to remove. Plaintiffs rely on basic contract interpretation principles to make their case. (*See, e.g.*, Doc. 47 at 3).

The problem for Plaintiffs is that the forum selection clause here is like the clause the Sixth Circuit considered in *Cadle*. There, the forum selection clause read:

> All disputes as to any amounts charged or services rendered, or as to these Terms of Representation shall be resolved in the Newton Falls, Ohio Municipal Court or the Trumbull County, Ohio Common Pleas Court, depending on the amount in controversy, and shall be resolved pursuant to the laws of the State of Ohio.

307 F. App'x at 885. In determining whether removal rights had been waived, the Sixth Circuit considered arguments similar to the ones Plaintiffs now assert. For one thing, Plaintiffs in this case argue that the words "shall be" are mandatory and demonstrate intent to waive removal rights. (Doc. 47 at 5). Faced with the same argument, the Circuit concluded otherwise. Because the forum selection clause "neither mention[ed] removal nor set[] forth an explicit waiver of that right," the mandatory language was insufficient to trigger a "clear and unequivocal" waiver. *Id.*

3

at 888.  The Circuit also found the parties' choice-of-law provision of little consequence.  *See id.* at 885, 888 (finding no waiver of removal despite provision requiring resolution "pursuant to the laws of the State of Ohio").  That analysis controls here, and Plaintiffs' arguments to the contrary (Doc. 47 at 3) are unpersuasive.

Since *Cadle*, District Courts within the Sixth Circuit have come to the same conclusion again and again when faced with a forum selection clause similar to the one here.  Put simply, these courts have kept the bar high in order to demonstrate a clear and unequivocal waiver.  *See, e.g.*, *Lani v. Schiller Kessler & Gomez*, PLC, No. 3:16-CV-00018-CRS, 2017 U.S. Dist. LEXIS 39103, at *21–22 (W.D. Ky. Mar. 16, 2017) (holding that requirement that disputes "shall be brought in the Jefferson (Ky.) Circuit Court" did not waive removal rights); *Zehentbauer Family Land LP v. Chesapeake Exploration LLC*, No. 4:15-cv-002449, 2016 U.S. Dist. LEXIS 93824, at *7 (N.D. Ohio July 19, 2016) (holding that forum selection clause stating that "[a]ny and all disputes must be resolved in a common pleas court located solely in the State of Ohio" did not waive removal rights); *see also Glassman v. Burns*, No. 1:15-cv-00622, 2015 U.S. Dist. LEXIS 170184 (S.D. Ohio Dec. 21, 2015) (holding that reference to a county court in a forum selection clause did not waive removal rights); *Gulfport Energy Corp. v. Freeport Lodge #415, Free & Accepted Masons of Ohio*, No. 2:14-cv-0063, 2014 U.S. Dist. LEXIS 163561 (S.D. Ohio Nov. 21, 2014) (same).

Plaintiffs also rely on this Court's decision in *W.G. Tomko, Inc. v. Franklin Cty. Bd. of Comm'rs*, No. 2:13-CV-0055, 2014 WL 347037 (S.D. Ohio Jan. 30, 2014), to argue that Defendants' removal rights were waived.  But the posture there was different.  The action was originally brought in federal court—rather than being removed to federal court—and the Court expressly stated that is was not addressing a request to remand.  So the Court did not grapple

with whether removal rights had been waived. And in *Cadle*, the Sixth Circuit made clear that posture matters. 307 F. App'x at 887–88 (distinguishing case in which forum selection clause controlled venue because the case did "not address whether such mandatory language would constitute a waiver of the statutory right of removal under § 1441"). On top of that, Plaintiffs overstate the similarities between the clause in that case and what it at issue here. The forum selection clause in *W.G. Tomko* provided that any action could be "brought only in the Franklin County Common Pleas Court, General Division, Franklin County, Ohio." 2014 WL 347037, at *9. Here, the word "only" is missing. At least one court within the Sixth Circuit has concluded that such a distinction matters. *LaSalle Grp., Inc.*, 2010 U.S. Dist. LEXIS 110071, at *13 (holding that because forum selection clause "expressly mandate[d] that litigation may only commence in the specified state courts and that it must remain there throughout," removal rights were waived).

In sum, *Cadle* controls the result here, and the Undersigned recommends that Plaintiffs' motion to remand be denied. Because the Undersigned concludes that the Leases did not clearly and unequivocally waive removal rights, it is unnecessary to resolve whether the other Defendants—who were not parties to the Leases—are bound by the forum selection clause. Given this recommendation, it follows that Plaintiffs' request for fees should also be denied.

## IV. CONCLUSION

The Undersigned **RECOMMENDS DENYING** Plaintiff's Motion to Remand and for Attorney's Fees. (Doc. 25).

## V. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed finding or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a de novo determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.


Date: August 16, 2019                     /s/Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE