# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TERA II, LLC, *et al.*,

    Plaintiffs,  :  Case No. 2:19-cv-2221

    v.  Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson

RICE DRILLING D, LLC, *et al.*,  :

    Defendants.

## OPINION AND ORDER

On June 17, 2019, Plaintiffs filed a Motion to Remand this action to the Belmont County Court of Common Pleas. (ECF No. 25.) Defendants filed Memoranda in Opposition to the Motion (ECF Nos. 38–41), and Plaintiffs filed a Reply (ECF No. 47). This matter is now before the Court on Plaintiffs' Objections (ECF No. 54) to the Report and Recommendation (R&R) issued by the United States Magistrate Judge on August 16, 2019, (ECF No. 53) recommending that the Court deny Plaintiffs' Motion to Remand. Defendants have filed Responses to Plaintiffs' Objections. (ECF Nos. 55–57.) This matter is now ripe for consideration. For the reasons set forth below, the Court **OVERRULES** Plaintiffs' Objections, **ADOPTS** the R&R, and **DENIES** Plaintiffs' Motion to Remand.

## I. BACKGROUND

Plaintiffs TERA II, LLC; TERA III Honza, LLC; TERA IV, LLC; TERA Watson, LLC; and Thomas Shaw each own certain oil and gas rights in Belmont County, Ohio. (Compl. ¶¶ 1–5, ECF No. 1-1.) Defendant Rice Drilling D, LLC, ("Rice") has leased property owned by Plaintiffs for the development of oil and gas minerals. (*Id.* ¶¶ 30–44). Plaintiffs allege that Defendants Rice; Gulfport Energy Corporation; Ascent Resources – Utica, LLC; XTO Energy Inc.; and

Phillips Exploration, LLC have infringed on Plaintiffs' mineral rights by drilling property that they are not entitled to drill, outside of the terms of the leases. (*Id.* ¶¶ 55–98.)

On April 25, 2019, Plaintiffs filed suit in the Court of Common Pleas of Belmont County, seeking a declaratory judgment regarding their rights under the leases and alleging trespass, conversion, and unjust enrichment. (*Id.*) On May 28, 2019, Defendant Rice timely removed this action to this Court, on the grounds of diversity jurisdiction, with the consent of each of its co-defendants. (ECF No. 1.) On June 17, 2019, Plaintiffs filed a Motion to Remand this case to the Court of Common Pleas on the grounds that forum selection clauses in the leases bar removal of this action to federal court. (ECF No. 25.)

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action brought in state court when that action could have originally been brought in federal court on the grounds of diversity jurisdiction. This right to removal can be waived, but the "'waiver must be clear and unequivocal.'" *The Cadle Co. v. Reiner, Reiner & Bendett, P.C.*, 307 F. App'x 884, 887 (6th Cir. 2009) (quoting *Regis Assocs. v. Rank Hotels (Mgmt.) LTD.*, 894 F.2d 193, 195 (6th Cir. 1990)). One way in which this right can be waived is through the use of a forum selection clause. *Id.* at 886. However, under Sixth Circuit law, "'[a] clause that does not even mention either removal or the party seeking to remove cannot be a clear waiver of removal.'" *Id.* (quoting *EBI-Detroit, Inc. v. City of Detroit*, 279 F. App'x 340, 347 (6th Cir. 2008)).

## III. ANALYSIS

This Court agrees with the R&R. The Court also finds Plaintiffs' objections to be substantially duplicative of their initial Motion. Accordingly, it is necessary to address only briefly three arguments raised by Plaintiffs—1) that *Cadle* changed the rules on interpreting

forum selection clauses to require that they be interpreted using ordinary contract interpretation standards, 2) that the Magistrate Judge's interpretation of the forum selection clauses renders them superfluous, and 3) that the language of the particular forum selection clauses at issue requires that they be read to waive the right of removal.

As to the first, as Gulfport Energy Corporation points out, it is not the case that *Cadle* both set the rule on interpreting forum selection clauses in this circuit and subsequently changed that same rule. (ECF No. 55, at 3.) Plaintiffs' argument muddles two separate points. As *Cadle* explains, "[g]eneral principles of contract interpretation apply when determining whether a [forum selection] clause explicitly waives the right of removal." 307 F. App'x at 886. None of the parties dispute this. However, regardless of whether Ohio law governs the substantive matters in this case, it is federal law that governs the federal right of removal and any potential waiver of that right. *See Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 27 (1988) ("If Congress intended to reach the issue before the District Court, and if it enacted its intention into law in a manner that abides with the Constitution, that is the end of the matter . . . ."). Under Sixth Circuit law, forum selection clauses cannot waive the right of removal without explicitly mentioning either removal or the party seeking to remove. *EBI-Detroit*, 279 F. App'x at 347. Because the forum selection clauses here do neither, they do not waive the right of removal.

Second, the forum selection clauses have not been rendered superfluous. As the R&R points out, there is a difference between filing a case in federal court in the first instance and removing a case to federal court, which is why Plaintiffs' reliance on *W.G. Tomko, Inc. v. Franklin County Board of Commissioners*, No. 2:13-CV-55, 2014 WL 347037 (S.D. Ohio Jan. 30, 2014), is misplaced. (*See, e.g.*, ECF No. 53 at 4–5.) Accordingly, while the forum selection clauses at issue may bar the parties from filing suit in federal court in the first instance (which is

3

why they are not superfluous), they do not bar the removal of Plaintiffs' lawsuit.

Third, Plaintiffs insist, without citation or explanation, that the "determined by" language in the forum selection clauses at issue is different from the "resolved in" language in *Cadle*. *See* 307 F. App'x at 885. This argument is not persuasive. These words are equally all-encompassing and cannot seriously be distinguished. While in a vacuum it might be reasonable to interpret both types of language to bar removal, Sixth Circuit precedent squarely forecloses such an interpretation.

## IV. CONCLUSION

Based upon the foregoing, and pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, after a *de novo* determination of the record, this Court concludes that Plaintiffs' Motion to Remand is meritless. The Court, therefore, **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 53), **OVERRULES** Plaintiffs' objections to the R&R (ECF No. 54), and **DENIES** Plaintiffs' Motion (ECF No. 25).

**IT IS SO ORDERED**.

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**