UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERA II, LLC, et al.,

        Plaintiffs,

v.

RICE DRILLING D, LLC, et al.,

        Defendants.

Case No. 2:19-CV-02221-SDM
JUDGE SARAH D. MORRISON
Magistrate Judge Jolson

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion to Amend the Complaint. (Doc. 94). For the reasons that follow, Plaintiffs' Motion is **GRANTED**.

### I. BACKGROUND

This lawsuit involves rights under oil and gas leases between Plaintiffs TERA II, LLC, TERA III Honza, LLC, TERA IV, LLC, TERA Watson, LLC, and Thomas Shaw and Defendants Rice Drilling D, LLC ("Rice"), Gulfport Energy Corporation ("Gulfport"), Ascent Resources-Utica, LLC ("Ascent"), Phillips Exploration LLC, ("Phillips"), and XTO Energy, Inc. ("XTO"). The Leases address the rights to develop two oil and gas formations, commonly referred to as the Marcellus Shale and Utica Shale. In addition to this case and the related federal court case (*see* 2:18-cv-1587), there is also a companion case in state court involving similar claims that has been pending for more than two-and-a-half years, (*see* Doc. 94 (citing *Terra LLC v. Rice Drilling D LLC, et al.*, No. 17-0344) (the "State Court Action")).

Procedurally speaking, the Court issued the scheduling order in this matter on July 11, 2019, with an amendment deadline of February 3, 2020, and a discovery deadline of May 1, 2020.

(*See* Doc. 34). Plaintiffs moved for leave to amend on March 30, 2020. (Doc. 94). On April 17, 2020, the Court extended the discovery deadline to August 31, 2020. (Doc. 120).

In their Motion to Amend, Plaintiffs assert that, "[u]pon review of [their] royalty statements," they seek to amend the Complaint as follows:

(1) clarify that Defendants have drilled two additional wells, Gold Digger 1 and Gold Digger 3 wells, under Plaintiff TERA IV, LLC's property in the Point Pleasant Formation which were not previously specifically identified in the Complaint; and
(2) add an alternative claim against Defendants Rice and Gulfport for breach of contract for failing to properly pay royalties to Plaintiffs.

(Doc. 94 at 1).

In their briefs, the parties focus primarily on Plaintiffs' proposed breach of contract claim. (*See generally* Docs. 94, 124, 135). Plaintiffs assert that they recently obtained new information through discovery in the State Court Action, which led them to "determine[] that a potential breach of contract claim exists against Rice and Gulfport." (Doc. 94 at 10). In response, Defendants contend that Plaintiffs lacked diligence in failing to amend earlier and that the new claim would expand discovery, thereby necessitating new experts and new discovery deadlines. (*See generally* Doc. 124). This matter is now ripe for consideration. (*See* Docs. 94, 124, 135).

## II.  STANDARD

Two federal rules govern Plaintiffs' Motion. Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v.*

*Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

But because Plaintiffs moved to amend after the Court's February 3, 2020, amendment deadline, Plaintiffs "must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiffs must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). This Court has noted that "the touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007).

### III. DISCUSSION

As noted, because Plaintiffs moved to amend nearly two months after the February 3, 2020, amendment deadline, (*see* Doc. 34), the Court must decide, as a threshold matter, whether Plaintiffs have shown good cause under Rule 16(b) before applying the more generous Rule 15(a). *Cooke*, 2007 WL 188568, at *2.

#### A. Rule 16(b)

In evaluating good cause under Rule 16(b), Plaintiffs' diligence is key. *Cooke*, 2007 WL 188568, at *2; *see also E.E.O.C. v. U-Haul Int'l, Inc.*, 286 F.R.D. 322, 325 (W.D. Tenn. 2012)

3

(noting that whether movant was "diligen[t] in attempting to meet the requirements of the scheduling order is the primary measure of Rule 16(b)'s 'good cause' standard").

In challenging Plaintiffs' Motion, Defendants emphasize that Plaintiffs have been receiving royalty payments for years, and should have, based on the content of those statements, been able to discover the facts underlying their proposed breach of contract claim. (*See generally* Doc. 121 at 1–2). But Plaintiffs insist they needed information beyond the royalty statements themselves. Specifically, that they required "underlying data on how royalties are calculated from Rice to determine if royalties are being properly calculated under their lease contract." (Doc. 135 at 5). Importantly, Plaintiffs have been pursuing this information from Rice and Gulfport through discovery in the State Court Action for the past two years. (*See generally* Doc. 135; *see also* Docs. 135-1, 135-3, 135-5, 135-6, 135-7).

Relevant here, on November 18, 2019, following the state court's order compelling discovery on royalty payments, Rice produced discovery responses and documents that purportedly "indicate Rice and Gulfport are not properly calculating royalties pursuant to the lease[.]" (Doc. 94 at 6; Doc. 135 at 5). Defendants attempt to use this November 2019 date against Plaintiffs, asserting that Plaintiffs should have been able to file their Motion to Amend before the Court's February deadline. (*See* Doc. 121 at 4). Not so, say Plaintiffs. According to them, Rice's discovery response, by itself, did not provide everything Plaintiffs needed. Rather, it "triggered several follow-up specific questions as to how Rice was calculating the . . . royalty payments," and warranted another set of discovery requests on December 5, 2019. (Doc. 135 at 8). And, Rice refused to respond to those requests and filed a motion for a protective order. (*Id.*; *see also* Doc. 135-4 at 21). Eventually, on March 19, 2020, Rice produced a spreadsheet with the requested data. (Doc. 135 at 8). Plaintiffs then sought leave to amend roughly ten days later. (Doc. 94).

4

The foregoing demonstrates Plaintiffs' diligence.  Indeed, Plaintiffs moved to amend shortly after receiving the requested discovery, and before that, worked to obtain the disputed discovery in state court.  Given the disputed nature of the discovery and the parties' briefing in state court on the same, Plaintiffs moved to amend once they believed they had the necessary information to support a proposed claim.  *See, e.g.*, *Joseph v. Joseph*, No. 1:16-CV-465, 2017 WL 5953119, at *2 (S.D. Ohio Jan. 10, 2017) (internal citation omitted) ("The documents upon which the proposed amendment is largely based were not produced until more than two months after the July 22, 2016 motion to amend deadline. The delay in obtaining the documents did not result from a lack of diligence on the part of the Plaintiff."); *Discover Bank v. New Vision Fin., LLC*, No. 2:03-CV-686, 2005 WL 1865369, at *3 (S.D. Ohio Aug. 1, 2005) (finding good cause under Rule 16(b) where plaintiff obtained discovery that "apparently confirmed its suspicions sufficiently so that the company could assert claims against three parties it seeks to add in good faith" and noting that "[t]he period of delay between the date this discovery was obtained, January 25, 2005, and the March 1, 2005 request to amend is fairly inconsequential").

True, Plaintiffs moved, notwithstanding Defendants' pending objections to the discovery requests at issue, to amend to add the same claim in state court on December 11, 2019, and the state court granted amendment in January 2020.  (*See* Doc. 15-4 at 20; *see also* Doc. 94 at 6).  But the State Court Action, which is currently scheduled for jury trial on July 28, 2020, is in a much different posture than its federal court companions.  (*See* Doc. 94 at 6).  The parties in this matter are still engaging in discovery, and the dispositive motion deadline is not until November 2020.  (*See* Doc. 120).  In sum, the Court finds that Plaintiffs exercised diligence in attempting to adhere to this Court's case schedule, and have, therefore, fulfilled Rule 16(b)'s good cause requirement.

### B. Rule 15(a)

Turning to Rule 15(a), the Court finds that Plaintiffs have satisfied this standard as well. Specifically, the Court finds, and Defendants do not raise convincing arguments to the contrary, there is no evidence of undue delay, bad faith, or dilatory motive on the part of Plaintiffs. There are also no repeated failures to cure deficiencies by amendments previously allowed. *See Foman*, 371 U.S. at 182.

As for prejudice, Defendants contend that Plaintiffs' proposed royalty claim "will involve different discovery on different issues and will require the retention of new experts by both sides, necessitating a new round of expert disclosures, new discovery deadlines, etc." (Doc. 121 at 8). But Defendants do not "articulate what additional experts need to be retained or how retaining them would be 'unduly prejudicial.'" *CSX Transportation, Inc. v. Columbus Downtown Dev. Corp.*, No. 2:16-CV-557, 2018 WL 4090199, at *3 (S.D. Ohio Aug. 28, 2018) (quoting *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)) (rejecting similar argument that allowing amendment would be prejudicial because it would require additional discovery, the retention of additional expert witnesses, and an extension of the current discovery deadline). And, the Court is not necessarily convinced that the amendment would result in brand new discovery given that this claim is already part of the State Court Action against Defendants. Indeed, as explained, numerous discovery disputes regarding discovery on royalties have played out in state court. Any additional discovery on this matter should not be a surprise to Defendants.

Additionally, as Plaintiffs emphasize, the parties are still in the process of engaging in discovery, and Defendants have not made a showing of "significant" prejudice, outside of delay and additional discovery, that would result from granting amendment. *Cf. Hometown Folks, LLC v. S&B Wilson, Inc.*, No. 1:06-CV-81, 2007 WL 3069639, at *5 (E.D. Tenn. Oct. 18, 2007)

(collecting cases and denying motion to amend made months after amendment, discovery, and dispositive motion deadlines and explaining that "requiring defendants at trial to address a new factual allegation added after the discovery period has closed is significantly prejudicial"). Finally, as for Defendants' concern regarding the case schedule, the Court will work with the parties to alleviate Defendants' concern in this regard.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Amend (Doc. 94) is **GRANTED**, and the Clerk shall docket Docs. 94-1 and 94-2 as the Amended Complaint and supporting exhibit in this case. Additionally, the parties are **DIRECTED** to meet and confer within the next seven (7) days as to whether the scheduling order in this case should be amended.

IT IS SO ORDERED.


Date: July 28, 2020                    /s/Kimberly A. Jolson
                                       KIMBERLY A. JOLSON
                                       UNITED STATES MAGISTRATE JUDGE