# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TERA II, LLC,** *et al.***,**

       **Plaintiffs,**       **:**

    v.                                     **Case No. 2:19-cv-2221**
                                           **Judge Sarah D. Morrison**
                                           **Magistrate Judge Kimberly A. Jolson**

**RICE DRILLING D LLC,** *et al.***,**

                                **:**

       **Defendants.**

## OPINION AND ORDER

On July 28, 2020, Magistrate Judge Jolson issued an Opinion and Order granting Plaintiffs' Motion to Amend the Complaint (ECF No. 94). ("July 28 Order," ECF No. 153.) Defendants Rice Drilling D LLC and Gulfport Energy Corporation[1] filed timely Objections to the July 28 Order. (ECF No. 164.) Plaintiffs have filed their Response. (ECF No. 170.) This matter is now ripe for consideration.

The relevant background facts are appropriately summarized in the July 28 Order. Except to the extent necessary to address the parties' arguments, the Court will not repeat them here.

When a magistrate judge issues a non-dispositive order, "[t]he district judge in the case must consider timely objections and set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P 72(a). *See also* 28 U.S.C. § 636(b)(1)(A). "The 'clearly erroneous' standard applies only to factual findings made by the [m]agistrate [j]udge, while her legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *Gandee v.*

---

[1] Although the Court notes that Rice Drilling D LLC and Gulfport Energy Corporation are only two of five named defendants in this case, they will be referred to, collectively, as "Defendants" for purposes of this Order.

*Glaser*, 785 F.Supp. 684, 686 (S.D. Ohio 1992). A magistrate judge's factual finding is clearly erroneous only when, upon review of the evidence, the court "is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). *See also Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). A magistrate judge's legal conclusions, on the other hand, are contrary to law when they "contradict or ignore applicable precepts of law, as found in the Constitution, statutes, or case precedent." *Gandee*, 785 F.Supp. at 686 (internal quotations and citations omitted).

Defendants argue that the July 28 Order cannot stand for three reasons. First, because Magistrate Judge Jolson's finding that documents produced in November 2019 (the "November 2019 Documents") did not provide sufficient information for Plaintiffs to amend their Complaint was clearly erroneous. (Defs.' Objs., 4.) Second, because Magistrate Judge Jolson's finding that Plaintiffs established 'good cause' for missing the scheduling order's deadline to amend the pleadings was clearly erroneous and contrary to law. (*Id*.) And third, because Magistrate Judge Jolson's determination that Defendants would not be unduly prejudiced by the addition of a new claim was clearly erroneous and contrary to law. (*Id*. at 6.) Defendants' objections lack merit. The Court will address each, in turn.

Defendants contend that Magistrate Judge Jolson was incorrect in finding that the November 2019 Documents formed an inadequate basis for Plaintiffs to amend their Complaint. The November 2019 Documents were produced pursuant to discovery in a related action currently pending in state court ("TERA I").[2] Shortly following production, the plaintiff in TERA I (which is related to Plaintiffs here) amended its complaint to add a breach of contract claim based on Defendants' alleged failure to pay royalties in accordance with the applicable

---

[2] *TERA, LLC v. Rice Drilling D, LLC, et al.*, No. 17-CV-344 Belmont Cty. Ct. Com. Pl. Defendants Rice Drilling D, LLC and Gulfport Energy Corporation are also defendants in TERA I.

leases. Defendants assert that, if the November 2019 Documents were sufficient to support an amendment to the pleadings in TERA I, they should have been sufficient to do so here. However, Defendants themselves admit that royalty calculations are "particularized" to the producing well—and that "the wells at issue in this case, [ ] are different than the wells at issue in TERA I." (*Id*. at 7.) Magistrate Judge Jolson was persuaded that Plaintiffs did not have the information necessary to make that particularized determination until March 2020—after the deadline for amending the pleadings had passed. (*See* July 28 Order, 4–5.) Defendants offer no other support for their assertion that Magistrate Judge Jolson's finding was clearly erroneous, nor can this Court find any. Defendants' first objection is overruled.

Based on the same alleged four-month delay in moving for leave to amend their Complaint, Defendants next dispute Magistrate Judge Jolson's finding that Plaintiffs established "good cause" under Rule 16(b) for filing their motion to amend after the deadline in the scheduling order. Magistrate Judge Jolson reviewed the facts and found that Plaintiffs were diligent in attempting to meet the scheduling order's deadline to amend the pleadings. (*Id*. at 5.) She then concluded that Plaintiffs' diligence established good cause to modify the case schedule, and referenced case law in support. (*Id*. (citing *Joseph v. Joseph*, No. 1:16-cv-465, 2017 WL 5953119 (S.D. Ohio Jan. 10, 2017); *Discover Bank v. New Vision Fin., LLC*, No. 2:03-cv-686, 2005 WL 1865369 (S.D. Ohio Aug. 1, 2005).) Defendants argue that *Joseph* and *Discover Bank* are, respectively, inapplicable and distinguishable. But, their arguments are viable only if the Court accepts the premise that Plaintiffs could have amended their Complaint with nothing more than the information in the November 2019 Documents—which, for the reasons set forth above, it does not. More importantly, Defendants fail to establish that Magistrate Judge Jolson's conclusion is **contrary to law**. *Cf. Murphy v. Freightliner Custom Chassis Corp.*, 2:16-cv-226,

3

2016 WL 10880159, at *3 (Nov. 17, 2016) (explaining that the magistrate judge's order "is not necessarily contrary to law simply because it applied existing case law precedent in [a] factually distinguishable, subsequent case"). Defendants' second objection is also overruled.

Finally, Defendants argue that the July 28 Order is "clearly erroneous and contrary to law because Defendants would suffer undue prejudice from the addition of a royalty claim at this stage in the proceedings." (Defs.' Objs., 6.) Defendants correctly note that, in determining whether to permit an amendment to the pleadings, "the court should consider, among other things, 'whether the assertion of the new claim or defense would require the opponent to expend significant additional resources to conduct discovery.'" (*Id*. (quoting *Phelps v. McClellan*, 30 F3d. 658, 662–63 (6th Cir. 1994).) Defendants do not dispute that Magistrate Judge Jolson considered this factor. Instead, they assert that her conclusion that Defendants will not suffer undue prejudice "because there is already a royalty claim pending in TERA I" renders the decision clearly erroneous and contrary to law. (*Id*. at 7.) The Court disagrees. Magistrate Judge Jolson acknowledged that the additional claim would require Defendants to engage in additional discovery. (July 28 Order, 6.) She went on to conclude that Defendants would not be "unduly" prejudiced for several reasons, including that (i) Defendants did not articulate what additional experts or discovery would be required, or why such additional discovery would be so burdensome; (ii) additional discovery on royalties "should not be a surprise to Defendants," considering the analogous claim in TERA I; and (iii) the parties are still engaged in discovery on the claims advanced in the original Complaint. (*Id*. at 6–7.) The Court finds no error in Magistrate Judge Jolson's consideration of this factor. Defendants' third objection is overruled.

In summary, Defendants have failed to establish that Magistrate Judge Jolson's July 28 Order is clearly erroneous or contrary to law. As a result, Defendants' Objections are

4

**OVERRULED**. Magistrate Judge Jolson's July 28, 2020 Order is **ADOPTED AND AFFIRMED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**