# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**TERA II, LLC, et al.,**

                **Plaintiffs,**            Case No. 2:19-cv-2221
                                                   Judge Sarah D. Morrison
     v.                                     Magistrate Judge Kimberly A. Jolson

**RICE DRILLING D, LLC, et al.,**

                **Defendants.**

## OPINION AND ORDER

This matter is before the Court on Plaintiffs' Motion for Protective Order (Doc. 176). The Motion is **GRANTED in part** and **DENIED in part**.

### I.    BACKGROUND

This lawsuit involves rights under oil and gas leases between Plaintiffs[1] and Defendants Rice Drilling D, LLC ("Rice"), Gulfport Energy Corporation ("Gulfport"), Ascent Resources-Utica, LLC ("Ascent"), Phillips Exploration LLC, ("Phillips"), and XTO Energy, Inc. ("XTO"). The leases address the rights to develop two formations, commonly referred to as the Marcellus Shale and Utica Shale. In addition to this case, there is also a companion case in state court involving similar claims that has been pending for more than two-and-a-half years. (*See* Doc. 94 (citing *Terra LLC v. Rice Drilling D LLC, et al.*, No. 17-0344) (the "State Court Action")).

According to Plaintiffs, they own about 1,500 acres of land in Richland and Smith Townships, Belmont County, Ohio. (Doc. 77 at 4). The Shaw Family Plaintiffs have conveyed

---

[1] Plaintiffs include the following corporate entities: TERA II, LLC; TERA III Honza, LLC; and TERA IV, LLC, (collectively, the TERA II Plaintiffs"). Plaintiffs also include Thomas Shaw, Jeannine Shaw, Donald Harvey, and Joyce Chambers, (collectively, the Shaw Family Plaintiffs).

most of their land and oil and gas rights to certain limited liability holding companies, including TERA, LLC and the TERA II Plaintiffs.  (*Id.*).

In 2013, members of the Shaw family leased approximately 800 acres of their oil and gas rights to Defendant Rice.  (*Id.*).  After a dispute arose over the scope of drilling permitted under the relevant leases, TERA, LLC filed the State Court Action against, among others, Defendants Rice and Gulfport.  (*Id.*).  The State Court Action remains pending.  (*Id.*).

At the same time in 2013, Plaintiffs also leased their oil and gas rights for different parcels of land that are the subject of this case to Defendant Rice.  (Doc. 154, ¶¶ 31–45).  Defendants entered into a series of joint ventures to drill the necessary wells.  After a similar dispute arose regarding drilling on these parcels of land, Plaintiffs filed this action in state court, alleging that Defendants breached the lease agreements.  (*See id.*, ¶¶ 31–101).  Defendants subsequently removed the case to this Court.  (*See* Doc. 1).

On July 1, 2020, Plaintiffs filed a Motion for Summary Judgment (Doc. 145). Defendants responded and requested additional discovery under Rule 56(d) before briefing summary judgment.  (Docs. 150, 151).  The Court granted that request in part and ordered Defendants to respond to the summary judgment motion within 21 days of the close of discovery. (Doc. 152).

In their August 20, 2020 Joint Status Report, the parties represented that they were at an impasse regarding whether Defendants should be permitted to depose each Plaintiff.  (Doc. 167).  Defendants asserted "that they should have the opportunity to depose all of the Plaintiffs in this case" and represented "that they do not need to depose any individual more than once – for example, if an individual is both a plaintiff and a corporate representative, that individual can be deposed in both capacities in one deposition."  (*Id.* at 1).  Plaintiffs, however, argued that "any

individual who has been deposed in the state court action and is either a Plaintiff in this case, or the corporate representative of a Plaintiff in this case, [should] not be deposed again." (*Id.*).

The Court directed Defendants to serve Plaintiffs with deposition notices and granted Plaintiffs 14 days in which to move for a protective order. (Doc. 172). The parties complied with that Order, and Plaintiffs' Motion for Protective Order (Doc. 176) is fully briefed and ripe for resolution.

## II. STANDARD

In order to protect a party from annoyance, embarrassment, oppression, or undue expense, and upon a finding of good cause, a court can issue a protective order under Rule 26. Fed. R. Civ. P. 26(c)(1) ("A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . ."). "The burden of establishing good cause for a protective order rests with the movant." *Smith v. Gen. Mills, Inc.*, No. C2 04-705, 2006 WL 7276959, at *1–2 (S.D. Ohio Apr. 13, 2006) (quoting *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001)). To show good cause, a movant must be "able to demonstrate that the requested discovery, if not excluded or materially modified, would cause a clearly defined and serious injury." *Consumer Fin. Prot. Bureau v. Borders & Borders, PLC*, No. 3:13-CV-1047-CRS, 2016 WL 9460471, at *2 (W.D. Ky. June 29, 2016) (citations omitted); *see also Smith*, 2006 WL 7276959, at *1–2 (citing *Nix*, 11 F. App'x at 500) ("To show good cause, a movant for a protective order must articulate specific facts showing a 'clearly defined and serious injury' resulting from the discovery sought and cannot rely on mere conclusory statements.").

## III. DISCUSSION

Plaintiffs argue that Defendants have already taken their depositions in the State Court Action and that "additional depositions are superfluous, cumulative, disproportionate to the

needs of the case, and are intended solely for the purpose of harassment, annoyance and expense." (Doc. 176 at 1). According to them, they "were deposed by the same defense counsel involved in this case, on the same lease form, on the same claims, and on the same topics as those presented in the recently served Notices of Depositions in this case." (*Id.*). Because the related TERA-entities "have agreed to be bound by the prior testimony of their respective designated corporate representative," Plaintiffs argue that the Court should enter a protective order to prohibit further unnecessary depositions. (*Id.* at 1–2).

### A. Superfluous and Harassing

According to Plaintiffs, ten of the twelve topics noticed in Defendants' 30(b)(6) depositions notices are superfluous or harassing in light of Plaintiffs' prior depositions in the State Court Action. (*Id.* at 7–15).

"The testimony of a witness noticed as an individual does not bind an entity as a 30(b)(6) witness does." *Smith*, 2006 WL 7276959, at *5; *see also Sabre v. First Dominion Capital, LLC*, 01 Civ. 2145, 2001 WL 1590544 (S.D.N.Y. Dec. 12, 2001) (citation omitted) ("A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity."). Thus, prior deposition testimony from individual fact witnesses does not relieve a corporation "from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition." *Smith*, 2006 WL 7276959, at *5 (citations omitted).

There are circumstances, however, when a "party may . . . successfully argue that all or a portion of the subject matter of such a deposition has already been addressed and that prior depositions may be deemed to be the organization's response." *Prosonic Corp. v. Stafford*, No. 2:07-CV-0803, 2008 WL 2323528, at *4 (S.D. Ohio June 2, 2008). "[F]or example, the court in

*EEOC v. Boeing*, 2007 WL 1146446 (D. Ariz. 2007) acknowledged that a corporate deponent may, in response to a 30(b)(6) notice, designate prior depositions as responsive and offer to be bound by the testimony given in those depositions in lieu of having to produce the same witnesses to answer the same questions again." *Id.* This intent, however, must be clearly indicated as part of a response to a 30(b)(6) notice, "so that opposing counsel (and, if necessary, the Court) can evaluate whether the prior testimony is sufficiently on point to make a subsequent deposition superfluous." *Id.*

Plaintiffs' argument is based on a straightforward premise: Since they were already deposed in the related State Court Action, any additional depositions regarding those topics would be duplicative or harassing. To support this argument, Plaintiffs repeatedly compare this action to the State Court Action and emphasize that they are essentially identical. (*See, e.g.*, Doc. 176 at 4 ("The State Court Action involves an identical lease as the one at issue in this case."); *id.* at 5 ("Rice is further represented by Attorneys Nicolle Bagnell and Lucas Liben of Reed Smith in the State Court Action, which are the same defense counsel in this case."); *id.* at 6 ("The claims in this action are identical to those in the State Court Action, except for Count I wherein the Plaintiffs in this case have asked for declaratory judgment on the lease language. . . . Thus, effectively, the claims between the two cases are identical."); *id.* at 8 ("Mr. Thomas Shaw, Ms. Cynthia Shaw, Ms. Jeannine Shaw and Ms. Sheryl Stewart were previously deposed in the State Court Action by the same counsel, on the same lease, on the same claims, and on the same topics as those presented in this Notices of Depositions."); Doc. 179 at 2 ("The basic facts and underlying claims of the State Court Action and this action are identical, and stem from the same lease and lease negotiations."); *id.* ("The defendants in both cases have the same interest – to discover facts that support their defense that the lease conveyed rights to the Point Pleasant

5

Formation. XTO and Ascent, and their same counsel, have the same interests in both cases. There is no distinction between the defendants' interests in these two cases.").

Despite Plaintiffs' repeated arguments regarding the similarities between the two cases, the Court is more concerned with their differences. As it recently noted, "there are notable dissimilarities between the state court proceedings and this case, particularly the involvement of different plaintiffs and defendants." (Doc. 119 at 1). And, in the State Court Action, Plaintiffs have acknowledged as much. (*See* Doc. 98-3 at 9 ("Plaintiff is not a party in [the federal] cases and there is no reason [the state court] cannot grant [Tera LLC] complete relief in this action. . . . While there is a similar lease in the TERA II case [i.e., this case], [Tera LLC] is not a party to that case and there are different operators that have drilled oil and gas wells under the subject property in that case, which will require a separate analysis if those wells are extracting oil and gas from the unleased geological formation known as the Point Pleasant Formation.")).

Most importantly, in the Court's view, is the fact that Defendants Ascent, Phillips, and XTO were not parties in the State Court Action. As a result, these Defendants did not participate in the prior depositions of Plaintiffs and had no opportunity to develop their respective defenses and theories of the case. And, to the best of the Court's knowledge, these Defendants do not have a corporate relationship, such as a parent-subsidiary relationship, with Defendants Rice or Gulfport. Absent such a relationship, there is no basis for the Court to conclude that Defendant Rice's and Defendant Gulfport's interests in the State Court Action are coextensive with Defendants Ascent's, Phillips', and XTO's interests here. Defendants Ascent, Phillips, and XTO, therefore, deserve the opportunity to proceed with depositions on these topics. *See Smith v. Navient Sols., LLC*, No. CV 3:17-191, 2018 WL 5846809, at *3 (W.D. Pa. Nov. 8, 2018) (citing *Nippo Corp./Int'l Bridge Corp v. AMEC Earth & Environ., Inc.*, No. 09-cv-0956, 2009

WL 4798150, at *4 (E.D. Pa. Dec. 11, 2009)) ("Smith has a right to depose Navient's corporate designee even though the 30(b)(6) deposition in this case may overlap with topics covered in 30(b)(6) depositions in prior cases where Navient was a party."); *accord Prosonic Corp.*, 2008 WL 2323528, at *4 (citing *Tri–State Hosp. Supply Co. v. United States*, 226 F.R .D. 118 (D.D.C. 2005)) ("[A]t least one court has concluded that the issue of duplication is usually no reason to prevent the 30(b)(6) deposition from going forward, and that any issues of duplication or unnecessary expenditure of time can be addressed once the deposition has been taken."). Plaintiffs' request for a protective order regarding these topics is denied.

### B. Reasonable Particularity

Plaintiffs further argue that deposition topics ten and eleven are overly broad and not reasonably particular. (Doc. 176 at 18–19).

Rule 30(b)(6) of the Federal Rules of Civil Procedure "imposes not only a burden upon the party who designates its representative, but also upon the discovering party as well." *Borders & Borders*, 2016 WL 9460471, at *3 (citation omitted). The party who seeks deposition testimony pursuant to Rule 30(b)(6), "must describe the matters to be explored in the deposition with 'reasonable particularity' sufficient to enable the responding corporation or business entity to produce a representative witness who can testify to the entity's knowledge on the topics so identified." *Id.* (citing *QBE Ins. Corp. v. Jorda Enter., Inc.*, 277 F.R.D. 676, 687–92 (S.D. Fla. 2012)). "The test for reasonable particularity is whether the request places the party upon reasonable notice of what is called for and what is not." *Alvey v. State Farm Fire & Cas. Co.*, No. 517CV00023, 2018 WL 826379, at *7 (W.D. Ky. Feb. 9, 2018) (citation and quotations omitted).

Here, Defendants seek to depose Plaintiffs regarding, among other things, "[a]ny and all information regarding your discovery responses to any Defendants' discovery requests" and "[a]ny and all information regarding any communication you have had with any defendant, including any employee of any defendant." (Doc. 176-5, ¶¶ 10, 11).  The Court has previously concluded that similar deposition topics do not satisfy the reasonable particularity requirement. *See generally Majestic Bldg. Maint., Inc. v. Huntington Bancshares Inc.*, No. 2:15-CV-3023, 2018 WL 3358641, at *7 (S.D. Ohio July 10, 2018).

Defendants, to their credit, have indicated their willingness to narrow these proposed topics:

> With regard to topic 10, seeking deposition testimony regarding the Plaintiff's "discovery responses to any Defendants' discovery requests[,]" Ascent and XTO are willing to identify the specific discovery responses provided by the deponent that they intend to inquire about at the deposition.
> With regard to topic 11, seeking to address "[a]ny and all information regarding any communications you have had with any defendant, including any employee of any defendant[,]" Ascent and XTO are willing to narrow this topic to communications regarding the leases in this case and any facts constituting the claims and defenses raised in this case.

(Doc. 178 at 11).  And the Court finds that these narrowed topics satisfy the reasonable particularity requirement.  Plaintiffs' request for a protective order with respect to these topics is granted, and Defendants may proceed with deposing Plaintiffs on these narrowed topics.

### IV. CONCLUSION

For the foregoing reasons, the Motion (Doc. 176) is **GRANTED in part and DENIED in part**.

IT IS SO ORDERED.

Date: September 29, 2020 /s/Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE