IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERA II, LLC, et al.,

      Plaintiffs,

    v.                                     Civil Action 2:19-cv-2221
                                          Chief Judge Algenon L. Marbley
                                          Magistrate Judge Jolson

RICE DRILLING D, LLC, et al.,

      Defendants.

**OPINION AND ORDER**

      This matter is before the Court on Plaintiffs' Motion to Amend the First Amended Complaint. (Doc. 292). Plaintiffs request to amend their complaint to identify four additional wells at issue in this litigation, all of which were drilled after the original complaint in this case was filed. (*Id.* at 1–2). They say this amendment does not alter their underlying claims and will require only minimal additional discovery. (*Id.* at 2). Further, they represent that several Defendants stipulated they did not oppose amendment at the time of filing. (*Id.*) Subsequently, the remaining Defendants represented to the Court that they too do not oppose amendment.

      Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court finds that undue delay, undue prejudice, bad faith, futility, or failure to cure deficiencies by previous amendment do not outweigh the liberal policy in favor of amendment. Importantly, the amendment only elaborates on previous claims and should only require minimal additional discovery by Plaintiffs. In fact, Defendants have already produced records related to all four wells in the related case, *J&R Passmore, LLC et al. v. Rice Drilling D, LLC et al.*, 2:18-cv-01587-ALM-KAJ. (Doc. 292 at 7).

Because Plaintiffs have moved to amend after the deadline for amendment (Doc. 34), the Court must also consider "the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiffs must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). The Court is satisfied that Plaintiffs have acted diligently and there is good cause for amendment. Notably, this amendment is founded on recently acquired information, and Plaintiffs have moved to amend before the close of discovery. (*See* Doc. 277).

Accordingly, Plaintiffs' Motion (Doc. 292) is **GRANTED**. The Clerk is **DIRECTED** to file (Doc. 292-1) as the Second Amended Complaint in this matter.

IT IS SO ORDERED.

Date: December 2, 2021         /s/ Kimberly A. Jolson
                               KIMBERLY A. JOLSON
                               UNITED STATES MAGISTRATE JUDGE