IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERA II, LLC, *et al.*, | : |
| | : |
| Plaintiffs, | : Case No. 2:19-cv-2221 |
| | : |
| v. | : Chief Judge Algenon L. Marbley |
| | : |
| RICE DRILLING D, LLC, *et al.*, | : Magistrate Judge Kimberly A. Jolson |
| | : |
| Defendants. | : |

**OPINION & ORDER**

This matter is before this Court on Defendants' Motion to File Supplemental Brief and Motion for Sanctions (ECF No. 454), Plaintiffs' Motion to File Supplemental Authority (ECF No. 469), and Defendants' Motion to File Sur-Reply to Plaintiffs' Motion for Leave to File Supplemental Authority (ECF No. 473). For the following reasons, this Court **GRANTS in part, and DENIES in part** Defendants' Motion to File Supplemental Brief and for Sanctions (ECF No. 454). Additionally, this Court **GRANTS** both Plaintiffs' Motion to File Supplemental Authority and Defendants' Motion to File Sur-Reply. (ECF Nos. 469; 473).

I.  BACKGROUND

This case involves a dispute over whether certain oil and gas leases reserved to landowner lessors certain drilling rights or provided to drilling company lessees the authority to drill into the Point Pleasant rock formation in Belmont County, Ohio. In brief, Plaintiffs seek a judgment declaring the parties' rights under the leases; damages from Defendants for trespass, conversion, and unjust enrichment; breach of contract; and fees.

The deadline for discovery closed on February 11, 2022. (ECF No. 277). Following the deposition of Plaintiff Cynthia Shaw on February 10, 2022, however, Defendant Rice learned of

1

responsive communications that had not been produced by Plaintiffs. (ECF No. 430 at 7). On February 25, 2022, the parties filed cross Motions for Summary Judgment. (ECF Nos. 386; 387; 388; 389; 392; 393; 394). On March 2, 2022, Defendant Rice filed a Motion to Compel Plaintiffs to conduct a forensic collection of Plaintiffs' emails and text messages using a third-party vendor, which the Magistrate Judge subsequently granted. (ECF Nos. 404; 430). Using search terms such as "Utica," "Point Pleasant," "Utica-Point," "Smith Goshen," "Utica/Point," and "ODNR," Defendants allege that the forensic search of Plaintiffs communications returned 4,500 new documents. (ECF No. 454 at 3).

On May 4, 2022, the Magistrate Judge held a Show Cause hearing after Defendants informed this Court that: (1) Plaintiffs refused to turn over text message communications between Plaintiff Cynthia Shaw and a member of the Smith Goshen group because they did not read the Magistrate Judge's order to include that requirement; and (2) Plaintiffs refused to provide to Defendants requested information regarding the manner in which the third-party vendor would conduct the forensic search. (ECF No. 448). At the hearing Magistrate Judge ordered Plaintiffs to comply with the order as written, and to stop "nitpicking certain sentences in [the] order but generally comply[] with obligations under the federal rules." (*Id.* at 25: 21–22). The Magistrate Judge further warned that this was their "final warning," and failure to comply would result in sanctions. (*Id.* at 25: 15–19). Plaintiffs seemingly have complied.

Defendants seek to file a supplemental brief to their Motions for Summary Judgment. Defendants assert that Plaintiffs admit that 25%, or at least 1,050 of the new documents, are non-privileged, responsive documents (ECF No. 463 at 6) that should have been produced during discovery. (ECF No. 465 at 1). According to Defendants, Plaintiffs withheld documents that demonstrate: (1) Plaintiffs' membership in the Smith-Goshen landowners group; (2) Plaintiffs'

2

knowledge of the meaning of "the formation commonly known as the Utica Shale"; and (3) that Plaintiffs had communications with the Ohio Department of Natural Resources ("ODNR") indicating the Utica and Point Pleasant were considered one drilling formation. (ECF No. 454 at 5–14). Because Defendants argue that Plaintiffs withheld these important documents in bad faith, Defendants ask this Court to not allow Plaintiffs to file a supplemental response brief, and to preclude Plaintiffs from denying their membership in the Smith-Goshen group or the oil and gas industry. *Id.* at 15–17.

Plaintiffs respond that almost all of the new documents are publicly available, and Defendants had the means to access these materials. (ECF No. 463 at 1–2). They assert that Defendant's Motion focuses on ten documents of little importance, and which fail to support the theory that Plaintiffs intentionally hid or concealed damaging documents. (*Id.* at 3). According to Plaintiffs, sanctions are inapplicable because they complied with the Court's order to conduct another discovery search, and a search that returns more documents should not automatically result in sanctions. (*Id.* at 9–11). They assert that some of the emails were already in Defendants' possession, were either deleted by Plaintiffs, or do not indicate Plaintiffs' membership in the Smith-Goshen group. (*Id.* at 14–19). According to Plaintiffs, the remaining evidence only supports their position and does not justify Defendants' argument to supplement the record. (*Id.* at 19–22).

Defendants' replies that Plaintiffs' bad faith misrepresentations robbed them of the opportunity to question deponents about the newly discovered materials. (ECF No. 465 at 8). They counter that even though many of the articles, emails, and documents were technically "public," the fact that they were in Plaintiffs' possession was not. (*Id.* at 16). Given the importance of the parties' knowledge of the term Utica Shale at the time of negotiations, Defendants assert that possession of these materials by Plaintiffs is integral to Defendants' arguments. (*Id.*).

3

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 26(g) requires an attorney or the party personally to certify that discovery responses are complete and correct, are supported by a nonfrivolous argument, and not produced to harass, cause delay, or increase litigation costs. A violation of this rule without "substantial justification" can result in sanctions. Fed. R. Civ. P. 26(g)(3).

Federal Rule of Civil Procedure 37(b) authorizes sanctions for a party's failure to cooperate in discovery. Sanctions may include directing facts to be taken as established, prohibiting the disobedient party from supporting or opposing designated claims or defenses, striking pleadings, staying proceedings, dismissing the action, rendering default judgment against the disobedient party, or treating as contempt of court the failure to obey any order. Fed. R. Civ. P. 37(b)(2)(A). The Court may also order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure to obey an order. Fed. R. Civ. P. 37(b) (2)(C). In determining an appropriate sanction under Rule 37, "a court may properly consider both punishment and deterrence." *JPMorgan Chase Bank, N.A. v. Neovi, Inc.*, No. 2:06-CV-0095, 2007 WL 1989752, at *4 (S.D. Ohio July 9, 2007). "The burden of proof is on the sanctioned party to establish that its failure to comply was due to inability and not to willfulness, bad faith, or any fault of the party . . . [which] includes gross negligence." *Id.* (quotations omitted).

Finally, "a district court may award sanctions pursuant to its inherent powers when bad faith occurs." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 512 (6th Cir. 2002). Though "district courts are required to articulate a basis for awarding sanctions, nothing requires them to explain their reasons for not ordering sanctions" pursuant to its inherent authority. *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996) (citing *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414, 417 (6th Cir. 1992)).

To determine the appropriate sanctions for a violation of a discovery order, district courts weigh whether: (1) a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) the adversary was prejudiced by the party's failure to cooperate in discovery; (3) the party was warned that failure to cooperate could lead to the sanction; and (4) whether less drastic sanctions were first imposed or considered. *Freeland v. Amigo*, 103 F.3d 1271, 1277 (6th Cir. 1997). The Sixth Circuit has adopted a five-factor test to determine whether an omitted or late disclosure is harmful: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Howe v. City of Akron*, 801 F.3d 718, 747–48 (6th Cir. 2015) (quoting *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 396–97 (4th Cir. 2014)).

Finally, trial courts have inherent authority to control and manage their dockets. *Anthony v. BTR Automotive Sealing Systems, Inc.*, 339 F.3d 506, 516–17 (6th Cir. 2003). In the Southern District of Ohio, no additional memoranda beyond an opposing and reply memoranda may be filed without leave of the court for good cause shown. S.D. Ohio Local Rule 7.2(a)(2).

### III.    LAW & ANALYSIS

Defendants seek sanctions against Plaintiffs pursuant to Federal Rules of Civil Procedure 26(g) and 37(b). Specifically, Defendants ask this Court to not allow Plaintiffs to file a supplemental response brief to Defendants' proposed supplemental brief to the motions for summary judgment, and to preclude Plaintiffs from denying their membership in the Smith-Goshen group or the oil and gas industry. To start, although the Magistrate Judge was forced to get involved when Plaintiffs dragged their feet on producing the ordered discovery, Plaintiffs ultimately complied with this Court's April 14, 2022 Order granting Defendants' Motion to

Compel. Therefore, the *Freeland* test for violation of a discovery order is inapplicable here. Plaintiffs' failure to conduct a thorough search for these documents prior to discovery closing on February 11, 2022, however, prejudiced Defendants' ability to raise and support certain arguments in their motions for summary judgment.

Addressing the first, second, and fourth factors of the *Howe* test—the surprise to the party against who the evidence would be offered, their ability to cure the surprise, and the importance of the evidence—this Court finds that all weigh in favor of Defendants. While this Court does not consider all of the documents the "smoking gun" Defendants portray them to be, at a minimum, the forwarded Smith-Goshen emails from Cynthia Shaw to plaintiffs and communications between Smith-Goshen Group member Joyce Paglialunga and Cynthia Shaw go directly to Plaintiffs' knowledge about what was "commonly known as the Utica Shale." Because Defendants argue the importance of intent, this evidence goes to the heart of the declaratory judgment sought by Plaintiffs and should have been available to them prior to the close of discovery. Factor three—the extent to which allowing the evidence would disrupt trial—is neutral. This Court has yet to reach the trial stage, and Defendants ask simply to supplement the record, not reopen discovery, which would not unnecessarily delay these proceedings.

Finally, this Court concludes that factor five—the nondisclosing party's explanation for its failure to disclose the evidence—also is in favor of Defendants. Plaintiffs argue that the vast majority of documents at issue were publicly available to Defendants, already within their control, or documents they had asked about during depositions. Generally, the Sixth Circuit has stated that "[t]he rules of discovery . . . do not permit parties to withhold material simply because the opponent could discover it on his or her own." *Tdata Inc. v. Aircraft Tech. Publishers*, No. 2:03-CV-264, 2007 WL 433295, at *2 (S.D. Ohio Feb. 5, 2007) (quoting *Abrahamsen v. Trans– State Exp., Inc.*,

92 F.3d 425, 428 (6th Cir. 1996)) (alterations in original). Yet there is support for Plaintiffs' proposition that there is no discovery obligation to produce documents in the public record that are equally available to both parties. *See id.*; *Equal Emp. Opportunity Comm'n v. Dolgencorp, LLC*, 196 F. Supp. 3d 783, 796–97 (E.D. Tenn. 2016), *aff'd*, 899 F.3d 428 (6th Cir. 2018); *Hobson v. Mattis*, No. 3:14-CV-01540, 2017 WL 11475404, at *7 (M.D. Tenn. Sept. 11, 2017). Additionally, courts have found that a failure to disclose public records in discovery has been found to have minimal impact on the opposing party. *Hobson*, 2017 WL 11475404, at *7–8 (citing *Ford v. Hamilton Cnty. Juvenile Court*, No. 1:05–CV–557, 2007 WL 2302816, at *8 n.6 (S.D. Ohio Aug. 8, 2007)).

While the oil and gas newsletter received by Plaintiffs, the ODNR stratigraphic map of the Utica Shale, and the U.S. Energy Information Administration's literature about the Point Pleasant being part of the Utica Shale is technically public information, at issue here is that Defendants were unaware this information was in Plaintiffs' possession. Whether Plaintiffs reviewed this material is unknown, but those questions could have been answered if Defendants had the opportunity to ask during depositions. Defendants, however, were not given that opportunity for any of late-produced discovery. Therefore, the late disclosure of this information was not harmless, and Defendants should have an opportunity to supplement their Motions for Summary Judgment based on the new information. *Cf. Comtide Holdings, LLC v. Booth Creek Mgmt. Corp.*, 2010 WL 4117552, at *4 (S.D. Ohio Oct. 19, 2010) ("[T]his Court has consistently held that in order for a party to be given permission to file a sur-reply, the reply brief must raise new grounds that were not presented as part of the movant's initial motion." (citations omitted)). Therefore, this Court **GRANTS in part** Defendants' Motion as it pertains to filing a supplemental brief in support of their motions for summary judgment.

Next this Court must decide whether Plaintiffs' actions were willful or the result of bad faith sufficient for this Court to impose sanctions. Although Plaintiffs have veered very close to obstructionist behavior, the facts before this Court do not meet the high burden of willfulness or bad faith conduct. *See First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F. 3d 501, 523 (6th Cir. 2002) (plaintiff's pursuit of a meritless suit *and* withholding of material evidence in support of its claim constituted bad faith or improper purpose sufficient to impose discovery sanctions under the court's inherent authority); *BDT Products, Inc. v. Lexmark Intern., Inc.*, 602 F. 3d 742, 753–54 (6th Cir. 2010) (explaining that "[h]arassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts are all examples of the sorts of conduct that will support a finding of bad faith or improper purpose"); *JPMorgan Chase Bank, N.A.*, 2007 WL 1989752, at *4–5 (explaining that sanctions were appropriate where Defendant was warned that failure to cooperate in discovery by providing its Ohio contacts to Plaintiffs could result in severe sanctions).

Here, Plaintiffs' Counsel relied on Plaintiffs to conduct personal searches of their emails and communications without much supervision. For example, they relied on Plaintiffs' word that some communications were inaccessible because they were deleted. Plaintiffs, however, are not experts in discovery, and there are other means to access deleted data. Given the history and demands of this case, this approach could certainly be classified as negligent, and a different approach would have avoided the issue currently before this Court. *See Finley v. Harford Life Ins. Co.*, 249 F.R.D. 329, 332 (N.D. Cal. 2008) (finding that defense attorney's decision to rely on defendant's defective search methods was negligent but did not amount to bad faith in certifying defendant's discovery); *McGuire v. Metro. Life Ins. Co.*, 2015 WL 1757312, at * 8–9 (E.D. Mich. Apr. 17, 2015) (explaining that Rule 26(g) does not require sanctions for negligent behavior).

8

Further, Plaintiffs did not initially comply with the Magistrate Judge's April 14, 2022 Opinion & Order, but stated that they did not interpret the opinion to include the text messages. Although this interpretation arguably did not reflect a plain reading of the opinion, there are no additional facts indicating that Defendants conducted themselves with nefarious intent. Although Plaintiffs approach was flawed, this Court cannot conclude that Plaintiffs nor Plaintiffs' Counsel conducted themselves in bad faith. Therefore, Defendants Motion is **DENIED in part** as it pertains to sanctions against Plaintiffs.

Additionally, given this Court's preference to make decisions on dispositive motions based on the merits and with all of the information before it, this Court **GRANTS** Plaintiffs' Motion to file a response to Defendants' supplemental brief. (ECF No. 463).

### IV. MOTIONS TO FILE SUPPLEMENTAL AUTHORITY & SUR-REPLY

Next, this Court considers the parties' motions to file supplemental authority and sur-reply in support of their pending motions for summary judgment. Initially, Plaintiffs sought to submit to this Court a January 18, 2023 decision by the Ohio Seventh District Court of Appeals, against the same defendants, concluding that an identical lease form as that at-issue in this case: (1) unambiguously reserved the rights to drill into the Point Pleasant formation to the lessor landowners; and (2) the oil and gas companies were liable for bad faith trespass and conversion. (ECF No. 469 at 1 (citing *TERA, LLC v. Rice Drilling D, LLC, et al.*, 7th Dist., 2023-Ohio-273 (Ohio Ct. App. 7th Dist)). The appellants in *TERA, LLC* subsequently filed a motion for reconsideration, which was denied, and Plaintiffs now argue that it is a final and binding decision. (ECF No. 472). In response, Defendants filed a Motion to File Sur-Reply to Plaintiffs' Motion for Lease to File Supplemental Authority *Instanter* asserting that Defendants in *TERA, LLC* had appealed the denial of reconsideration to the Ohio Supreme Court, and as such, the judgment was

9

not final or binding. (ECF No. 473). While Defendants do not oppose the filing of this supplemental authority, they asked this Court to consider their motion a sur-reply to present an accurate and complete record for this Court's consideration. (*Id.*).

Granting or denying these motions affect what arguments are before the Court for consideration when ruling on the parties' motions for summary judgment. Courts may grant parties leave to file supplemental authority "in the interests of justice when the proposed submission contains 'new authority or evidence that was not available [to the movant] in the exercise of reasonable diligence' when the original briefs were filed." *Valassis Commc'ns, Inc. v. News Corp.*, No. 13-14654, 2015 WL 13050049, at *1 (E.D. Mich. Dec. 23, 2015) (quoting *Harshaw v. Bethany Christian Servs.*, No. 1:08-CV-104, 2010 WL 610262, at *1 (W.D. Mich. Feb. 19, 2010)). While the Federal Rules of Civil Procedure do not explicitly contemplate the filing of sur-replies, the Court's Local Rules permit additional memoranda "upon leave of court for good cause shown." S.D. Ohio Civ. R. 7.2(a)(2). Courts in the Southern District of Ohio may permit a party to file a sur-reply even without showing good cause if it does not result in prejudice toward the opposing party. *See Nat'l City Bank v. Aronson*, 474 F. Supp. 2d 925, 930 (S.D. Ohio 2007).

Because this court has "broad discretion to manage its docket," *see ACLU of Kentucky v. McCreary Cnty.*, 607 F.3d 439, 451 (6th Cir. 2010), and the Sixth Circuit has a "strong preference that claims be adjudicated on their merits," *see Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003), this Court **GRANTS** Plaintiff's Motion for Leave to File Supplemental Authority (ECF No. 469) and Defendant's Motion to File Sur-Reply (ECF No. 473).

V.     CONCLUSION

For the foregoing reasons, and for good cause shown, this Court **GRANTS in part, and DENIES in part** Defendants' Motion to File Supplemental Brief and for Sanctions (ECF No.

10

454). Additionally, this Court **GRANTS** both Plaintiffs' Motion to File Supplemental Authority and Defendants' Motion to File Sur-Reply. (ECF Nos. 469; 473). The parties must submit all supplemental briefings to this Court no later than **April 11, 2023**.

    **IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: March 28, 2023**