IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERA II, LLC, *et al.*, | : |
| Plaintiffs, | : Case No. 2:19-cv-2221 |
| v. | : Chief Judge Algenon L. Marbley |
| RICE DRILLING D, LLC, *et al.*, | : Magistrate Judge Kimberly A. Jolson |
| Defendants. | : |

**OPINION & ORDER**

This matter is before this Court on Plaintiffs' Motion to Stay Case and Oral Argument on Motions for Summary Judgment. (ECF No. 479). For the following reasons, Plaintiffs' Motion is **DENIED**. (ECF No. 479).

I.      BACKGROUND

Plaintiffs in this case are members of the Shaw family and their respective limited liability holding companies. (ECF No. 479 at 3). They seek a declaratory judgment and assert claims for trespass, conversion, unjust enrichment, breach of contract, and fees against Defendants. (ECF No. 301). Plaintiffs allege that the oil and gas leases it holds with Defendants did not convey to Defendants the right to extract oil and gas from the Point Pleasant geological formation. (ECF No. 479 at 3). Conversely, Defendants argue that the leases executed by the parties provides them the right to drill into the Point Pleasant Formation. (ECF No. 407 at 4). After extensive discovery, the parties have filed cross motions for summary judgment. (ECF Nos. 145, 386, 387, 388, 389, 393, 394, 477).

Oral argument on the Motions for Summary Judgment (ECF Nos. 145, 386, 387, 388, 389, 392, 393, 394) is set for April 26, 2023. (ECF No. 475). On February 13, 2023, Plaintiffs filed the

1

Second Motion to stay this case and oral argument pending the outcome of a companion state court case, *TERA, LLC v. Rice Drilling, D, LLC, et al*, Ohio Supreme Court Case No. 2023-0411. (ECF No. 479 at 1). *TERA, LLC* is a state court case involving a different Shaw family entity, TERA, LLC ("TERA"), which Plaintiffs allege raises the same facts and legal claims as those presented here, and against Defendants Rice Drilling D, LLC ("Rice") and Gulfport Energy Corporation ("Gulfport"). (*Id.* at 3).

*TERA, LLC* commenced in the Belmont County Court of Common Pleas on October 11, 2017. *Tera, LLC v. Rice Drilling D, LLC*, 2023-Ohio-273, ¶ 1 n. 3 (Ohio Ct. App. 7th Dist. Jan. 18, 2023), *reconsideration denied*, 2023-Ohio-427 (Ohio Ct. App. 7th Dist. Feb. 7, 2023). At issue in the state case are Defendants' rights under the leases to subsurface minerals below Plaintiff's property based on the interpretation of the same lease language at issue here. (*Id.*, ¶¶ 8–10). In the first amended complaint, Plaintiff TERA, LLC[1] brought allegations of breach of contract, intentional subsurface trespass, conversion, and unjust enrichment against Defendants Rice and Gulfport who had working interests in six horizontal oil and gas wells in pooled units of property owned by Plaintiff. *Id.*

On June 3, 2020, the Court of Common Pleas entered summary judgment in favor of TERA, LLC on its claims for trespass and conversion. *TERA, LLC*, 2023-Ohio-273, ¶ 1. The trial court reasoned the unambiguous language in the leases reserves the subsurface rights in the Point Pleasant Formation to the surface owner, Plaintiff. (*Id.*). On October 2, 2020, on cross-motions for partial summary judgment, the trial court entered partial summary judgment in favor of TERA on

---

[1] TERA, LLC is one of several TERA entities, which leased subsurface rights in property located in Belmont County. The members of the other TERA entities are Thomas Shaw and one or more of his three daughters. *Tera, LLC*, 2023-Ohio-273, ¶ 1 n. 2.

the issue of bad faith trespass. (*Id.*, ¶ 2). On July 9, 2021, following the jury trial, the trial court issued a judgment awarding $40,129,357.62 in damages to Plaintiff. (*Id.*, ¶ 4).

On appeal, Defendants raised six assignments of error which, relevant here, included: (1) that the trial court should have considered extrinsic evidence when interpreting the at-issue language in the lease; and (2) the trial court erred in its conclusion that defendants engaged in bad faith trespass and conversion. (*Id.*, ¶¶ 5, 34). The Seventh District Court of Appeals of Ohio upheld the trial court's ruling on contract interpretation, bad faith trespass, and conversion. (*Id.*, ¶¶ 52–53). The court reasoned that the Point Pleasant and Utica Shale had specific, geological definitions, and the trial court had correctly applied the traditional canons of contract interpretation which required application of the ordinary definitions of those words. (*Id.*, ¶¶ 50–51). Further, the court vacated and remanded the trial court's ruling on compensatory damages (*Id.*, ¶ 6), and subsequently denied reconsideration. *TERA, LLC*, 2023-Ohio-427, ¶ 3. The Defendants in *TERA, LLC* have since appealed to the Ohio Supreme Court to consider three issues: (1) did the lease convey rights to the Point Pleasant Formation to defendants; (2) are the defendants bad-faith trespassers; and (3) were bad-faith trespass damages properly calculated. (ECF No. 479-1).

Plaintiffs argue that whether the Ohio Supreme Court takes up the case, the decision will have a dispositive impact on the substantive issues raised here, because it will resolve the primary liability issues before this court—who has a right to the oil and gas in the Point Pleasant Formation? (ECF No. 479 at 4–5). Plaintiffs maintain that a stay could avoid inconsistent rulings with the Ohio Supreme Court, and the delay would not prejudice or result in significant hardship for either party. (*Id.* at 5–6).

Conversely, Defendants assert that these cases involve different parties, different issues, and different evidence. (ECF No. 482 at 2). Defendants allege that the dissimilarities between the

3

cases have only grown as discovery has resulted in thousands of new responsive documents and depositions. (*Id.* at 1). Given the lack of mutuality of parties, Defendants maintain that any decision by the Ohio courts will have no preclusive effect on the action before this Court, and even a binding decision by the Ohio Supreme Court will not address many of the tort claims before this Court. (*Id.* at 3–4) (citing *J&R Passmore, LLC v. Rice Drilling D, LLC*, No. 18-cv-1587, 2023 WL 2667749, at *19 (S.D. Ohio Mar. 28, 2023 (Marbley, J.)). It is the job of this Court, Defendants assert, to determine the issues of state law as it believes the highest court of the state presently would determine them because the is no way to predict the length of time it will take for the Ohio Supreme Court to rule. (*Id.* at 4–5). Given that Plaintiffs seek continuing damages for trespass, Defendants allege that continued delay unfairly benefits Plaintiffs to the Defendants' detriment. (*Id.*). Finally, Defendants argue that Plaintiffs have already sought and were denied a stay related to this same state court action. (*Id.* at 1 (citing ECF No. 119)).

Defendant Ascent asserts that it is not a party to the state court action and the plaintiffs in both actions are different. (ECF No. 481 at 5). As such, a stay would deprive Ascent of its due process rights because it argues that it will be forced to "watch from the sidelines." (*Id.* at 5). It argues that this Court should follow its previous ruling denying Plaintiffs' first request for a stay, pursuant to the law-of-the-court doctrine, especially because the state court action has proceeded in a predictable manner. (*Id.* at 3–4).

## II. STANDARD OF REVIEW

Under the *Erie*-doctrine, *see Erie R.R. v. Tompkins,* 304 U.S. 64 (1938), in diversity cases the federal courts apply state law "in accordance with the controlling decisions of the state supreme court." *Allstate Ins. Co. v. Thrifty Rent–A–Car Sys., Inc.,* 249 F.3d 450, 454 (6th Cir. 2001); *JPMorgan Chase Bank, N.A. v. Winget* 510 F.3d 577, 582 (6th Cir. 2007). A federal court,

however, is not bound by state appellate court decisions. *See Krakoff v. U.S.*, 431 F.2d 847, 849 (6th Cir. 1970) ("a federal court is not bound by the decision of state lower court[s] where there has been no determination of a question of state law by the state's highest court.").

A federal court's power to stay cases on its docket is "incidental to the power inherent in every court to control the disposition of . . . cases on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) (explaining that "[t]he District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). This includes granting a stay pending resolution of independent judicial proceedings elsewhere. *Landis*, 299 U.S. at 254–55. When considering whether to grant a stay, courts often evaluate the following factors:

> (1) the need for a stay; (2) the stage of the litigation; (3) whether the non-moving party will be unduly prejudiced or tactically disadvantaged; (4) whether a stay will simplify the issues; and (5) whether the burden of litigation will be reduced for both the parties and the court.

*Kirby Dev., LLC v. XPO Global Forwarding, Inc.*, No. 2:18-cv-500, 2018 WL 6075071, at *2 (S.D. Ohio Nov. 2, 2018). In considering a motion to stay, however, a court "must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Vaughn v. Marshall*, No. 2:09-cv-00097, 2009 WL 3260382, at *2 (S.D. Ohio Oct. 8, 2009) (quoting *Ohio Env't. Council v. U.S. Dist. Court, S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)). The movant for a stay bears the heavy burden of showing a discretionary stay is necessary, and the stay should not prejudice the non-moving litigant unduly. *Id.* at *2. Finally, central to a court's decision in granting a stay pending resolution of the same or related issues in another forum is whether "judicial economy will be saved by waiting on a decision." *LaGuardia v. Designer Brands, Inc.*, No. 2:20-cv-2311, 2020 WL 6380910, at *10 (S.D. Ohio Oct. 27, 2020).

### III.     LAW & ANALYSIS

As a threshold matter, this Court has subject-matter jurisdiction over this action based on diversity jurisdiction. Further, Plaintiffs' claims are state law claims to which this Court must apply Ohio law. *See Hayslip v. Genuine Parts Co.*, 420 F. Supp. 3d 666, 673 (S.D. Ohio 2019) (citing *Erie R.R.*, 304 U.S. at 78–79). According to the parties, the Ohio Supreme Court has yet to accept jurisdiction of *TERA, LLC*. (ECF No. 479 at 4). Therefore, this Court treats the most recent ruling of the Ohio Court of Appeals, Seventh District as controlling authority, but it does not carry precedential value. *Krakoff*, 431 F.2d at 849.

Next, this Court must evaluate whether a stay is appropriate. Factor two—the stage of the litigation—weighs heavily against granting a stay in this case. This case is about four years old, has gone through extensive discovery, multiple delays, and is at the summary judgment stage. According to the Ohio Supreme Court, generally, "the Court announces whether it will accept an appeal for a full merit review approximately three to six months after the appellee's memorandum in response is filed." *Frequently Asked Questions*, THE SUPREME COURT OF OHIO (Jan. 2021). A "party has a right to a determination of its rights and liabilities without undue delay." *Burris v. Dodds*, No. 2:19-CV-815, 2023 WL 2607538, at *1–2 (S.D. Ohio Mar. 23, 2023) (citing *Ohio Env't Council*, 565 F.2d at 396). At this stage, it is uncertain whether the Ohio Supreme Court will even take up Defendants' appeal on the merits. Additionally, a ruling on the merits could be several months beyond the three-to-six-month timeline, taking this litigation well into 2024. To grant the stay would in essence create the presumption that the Ohio Supreme Court will accept jurisdiction, which is not a presumption this Court can either create or indulge.

Should the Court reject jurisdiction, this Court will be back in the same spot as it pertains to persuasive guidance from the Ohio courts. If a state supreme court has yet to address an issue,

6

the federal courts must predict how the court would rule by looking to all available data. *Allstate Ins. Co.*, 249 F.3d at 453–54. Relevant data include "decisions of the state appellate courts, and those decisions should not be disregarded unless we are presented with persuasive data that the [Ohio] Supreme Court would decide otherwise." *Kingsley Assoc. v. Moll PlastiCrafters, Inc.*, 65 F.3d 498, 507 (6th Cir.1995). This Court regularly interprets Ohio law and the law of other states and is capable of doing so under its diversity subject matter jurisdiction.

Factor three—whether the non-moving party will be unduly prejudiced or tactically disadvantaged—weighs in favor of denying the motion because a delay could unduly prejudice the Defendants. Plaintiffs allege continuing harm and damages against Defendants throughout this litigation because Defendants continue to drill and extract oil and gas from Plaintiffs' land. A delay would unnecessarily extend the period to which damages could apply. While Plaintiffs theorize that a stay would only be temporary, there is no indication that a prompt resolution is forthcoming from the Ohio Supreme Court.

Factor four—whether a stay will simplify the issues—must be evaluated within the context of all the claims brought by Plaintiffs, not just the contract interpretation question. No matter its ruling, a ruling by the Ohio Supreme Court will not be completely dispositive of this case on the merits. *Latta*, 2023 WL 1111896, at *3 (finding a stay appropriate where a ruling by the U.S. Supreme Court would be completely dispositive of a case, both on standing and on the merits). As this Court detailed in the decision to deny class certification in *J&R Passmore*, even if a court were to rule in Plaintiffs' favor and interpret the contract to reserve subsurface rights to them, the inquiry does not end there. Plaintiffs' outstanding tort claims for trespass, conversion, unjust enrichment, and royalty payments must be evaluated on a case-by-case basis. *J&R Passmore*, 2023 WL 2667749, at *20 ("Each claim requires the Plaintiffs to prove that Defendants took action specific

to the property the Plaintiffs hold as lessors—whether Defendants entered the land, whether plaintiffs had possession of the property, or whether oil and gas was extracted from that specific property."). While a ruling by the Ohio Supreme Court may be dispositive of step one, it does not significantly streamline this litigation. Conversely, a ruling in favor of Defendants on the contract interpretation question would make the remaining tort claims moot. The weight of this factor, however, is weakened by the Ohio Supreme Court's unknown timeline.

Plaintiffs have failed to demonstrate a compelling reason for a stay, and therefore, factors one—the need for a stay—and five—whether burdens of litigation will be reduced—weigh against granting a stay. The law-of-the-case doctrine, raised by Defendant Ascent, provides that "the courts should not reconsider a matter once resolved in a continuing proceeding." *GMAC Mortgage, LLC v. McKeever*, 651 Fed. App'x 332, 338 (6th Cir. 2016) (quoting *Howe v. City of Akron*, 801 F. 3d 718, 739 (6th Cir. 2015)). It is designed to "prevent[] the relitigation of an issue once there has been a judgment on the merits." *Bowles v. Russell*, 432 F. 3d 668, 676 (6th Cir. 2005). Courts may revisit prior decisions but should limit their review to situations in which the initial decision was "clearly erroneous and would work a manifest injustice." *Christianson v. Colt Inds. Operating Corp.*, 486 U.S. 800, 817 (1988). Despite the passage of time, Plaintiff have not demonstrated how this Court's previous ruling denying Plaintiffs' Motion for a Stay at the commencement of the companion state court case was clearly erroneous. (ECF No. 119). Further, Plaintiffs fail to demonstrate how continuation of the current trial schedule would result in a manifest injustice or put them at a disadvantage. In fact, granting a stay would only serve further to burden the parties and this Court by prolonging an already four-year-old case.

Because this Court finds that there are no compelling facts that demonstrate that judicial economy will be saved by granting a stay, the weight of evidence is against granting a stay. Therefore, Plaintiffs' Motion is **DENIED.**

## IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion is **DENIED.** (ECF No. 479). Given the expedited timeline on which the parties briefed this issue and the proximity to the currently scheduled date for oral argument, the oral argument on the motions for summary judgment is **CONTINUED** to 9:30 a.m. on Tuesday, May 9.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: April 21, 2023**