IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TERA II, LLC, et al.,

    Plaintiff,                                      Case No. 2:19-cv-2221
                                                Judge Algenon L. Marbley
    v.                                              Magistrate Judge Kimberly A. Jolson

RICE DRILLING D, LLC, et al.,

    Defendant.

**ORDER**

This matter is before the Court on Defendants' renewed motions to file documents under seal (Docs. 543, 544). Defendants previously filed versions of these motions, which the Court denied without prejudice. (*See* Doc. 541). Defendants now seek leave to file the following redacted documents: an employee severance agreement accompanying their Motion to Disqualify Counsel (Docs. 543, 537) and an expert report by Thomas Jordan accompanying their Motion to Strike (Docs. 544, 538). For the following reasons, Defendants' Motions are **GRANTED.**

**I.    STANDARD**

Courts distinguish between limiting public disclosure of information during discovery versus the adjudicative stage of a case. *See Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016). "The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record." *Id.* (citing *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002)). "Unlike information merely exchanged between the parties, '[t]he public has a strong interest in obtaining the information contained in the court record.'" *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983)). For this reason, the moving party has a "heavy" burden of

overcoming a "'strong presumption in favor of openness' as to court records." *Shane Grp.*, 825 F.3d at 305 (quoting *Brown & Williamson*, 710 F.2d at 1179). To overcome this presumption, parties who move to seal documents must demonstrate the three elements laid out in *Shane Group*: "(1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019).

"[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 308 (citation and quotations omitted). Courts will also "take seriously" "the privacy interests of innocent third parties[.]" *Id.* "[T]he seal itself must be narrowly tailored to serve" the reason for sealing, which requires the moving party to "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Id.* at 305–06 (quotation omitted). Ultimately, the movant must show that "disclosure will work a clearly defined and serious injury . . . . And in delineating the injury to be prevented, specificity is essential." *Id.* at 307–08 (internal citations and quotations omitted).

II.  DISCUSSION

Defendants move to file a redacted employee severance agreement and argue that the proposed redactions will protect Defendants' privacy. (Doc. 543 at 1–2). Defendants also move to file a redacted version of Thomas Jordan's expert report. (Doc. 544). In their Motion, Defendants argue that limited portions should be redacted, because they reference trade secrets from a March 25, 2015, MicroSeismic Report that this Court has previously refused to declassify. (Doc. 544 at 1–2; *see also* Doc. 430). Defendants further assert that this expert report contains

information concerning Defendants' "internal quality control processes developed through many years of application and refinement, business strategies, and potential weaknesses." (Doc. 544 at 1). The Court addresses each Motion in turn.

First, in their Motion to redact the employee severance agreement, Defendants state that publicizing Defendants' salary and compensation structure could place Defendants at a competitive disadvantage and harm a former employee's privacy rights. (Doc. 543 at 2); *see also Young v. Provident Life & Accident Insurance Co.*, 2:21-cv-00041, 2023 WL 5857001, at *6 (M.D. Tenn. Mar. 13, 2023) (citing cases where courts agree that employee compensation may meet the requirements to seal). The Court finds that there is not a countervailing public interest in accessing this information, and the information to be redacted is also not relevant to Defendants' underlying Motion to Disqualify Counsel. (Doc. 537); *see NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, 2:14-cv-2487, 2016 WL 5349793, at *2 (S.D. Ohio Sept. 23, 2016). More still, the proposed redactions to the employee severance agreement are very narrow. Defendants seek only to redact the dollar amount of two lump sum payments and a brief list of target grant amounts. (*See* Doc. 543 at 2). Because Defendants raise a compelling interest in redacting this information that outweighs any countervailing public interest, and because the request is narrowly tailored, Defendant's Motion is **GRANTED.**

Next, Defendants seek to redact less than three pages of Thomas Jordan's expert report, because these portions "reference trade secrets" from a MicroSeismic Report. (Doc. 544 at 2). As previously discussed by the Court, this report contains technical data and analysis that "has been kept confidential" and is not "readily accessible to the public." (Doc. 430 at 23). As such, there is a compelling interest in sealing information from the 2015 MicroSeismic Report. (*Id.*). Moreover, the Court has previously stated that "no countervailing public interest weighs against

3

sealing" the report. (*Id.* at 23–24). And Defendants have now narrowly tailored their request to redacting only the portions of the expert's report where information from the 2015 MicroSeismic Report is discussed. (*See* Doc. 544 at 2). After reviewing the proposed redactions *in camera*, the Court agrees with Defendants that these portions contain the type of information that warrants sealing. As such, Defendant's Motion is **GRANTED.**

### III. CONCLUSION

For the foregoing reasons, Defendants' Motions are **GRANTED** (Docs. 543, 544). Defendants are **ORDERED** to file redacted versions of the employee severance agreement and Thomas Jordan's expert report within seven (7) days of the date of this order.

IT IS SO ORDERED.


Date: December 11, 2023  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE