IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TERA II, LLC, et al.,**

    **Plaintiffs,**

    v.                                            Civil Action 2:19-cv-2221
                                                 Chief Judge Algenon L. Marbley
                                                 Magistrate Judge Jolson

**RICE DRILLING D, LLC, et al.,**

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion to Compel (Doc. 540). For the following reasons, Plaintiff's Motion is **GRANTED.**

**I.**     **BACKGROUND**

This action concerns several oil and gas leases, the rights to develop two oil and gas formations (the Marcellus Shale and Utica Shale), and a dispute over the scope of Defendants' drilling rights. Plaintiffs seek a judgment declaring the parties' rights under the leases and damages from Defendants for trespass, conversion, breach of contract, and unjust enrichment. (*See generally* Doc. 302). Originally, Plaintiffs filed suit in the Belmont County, Ohio, Court of Common Pleas on April 24, 2019, and on May 28, 2019, Defendants timely removed the case to federal court. (Docs. 1, 6, 10).

So, this case now approaches five years of litigation. After resolving dispositive motions, the Court, with input from the parties (Doc. 498), set the following deadlines: damages discovery due on November 30, 2023; motions related to damages fully briefed by January 4, 2024; and a trial beginning on February 12, 2024. The Court made clear that "barring an act vis major," the

trial date will not be continued.  (Doc. 498 at 8; *see id.* at 15 ("The schedule is going to be etched in stone.")).

With damages discovery closing on November 30, Plaintiffs sent discovery requests to Defendants on October 10.  (Doc. 540 at 2; Doc. 545 at 2).  Plaintiffs requested the following documents for the "wells at issue":

> (1) decline curve or type curve analysis, documents, and reports;
> (2) valuation and appraisal analysis, calculations, documents, and reports;
> (3) proved undeveloped (PUD) reserve analysis, calculations, documents, and reports; and
> (4) proved developed producing (PDP) reserve analysis, calculation, documents, and reports.

(Doc. 540 at 7).

Defendants waited until the last possible moment to object (on November 9, 2023) and refused to produce responsive documents.  (Doc. 545 at 5).  After conferring, the parties brought this discovery dispute before the Court on November 30, 2023.  The parties were unable to resolve the matter, prompting the Court to set an expedited briefing schedule.  The parties complied, and the matter is ripe for review.  (Docs. 540, 545).

## II.    STANDARD

Two federal rules matter here.  Rule 26(b) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).  Rule 37, for its part, allows for a motion to compel discovery when a party fails to provide proper responses to requests for production of documents under Rule 34.  *See* Fed. R. Civ. P. 37(a)(1), (3).  "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Gruenbaum v. Werner Enters., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010) (citation omitted).  "While relevancy is broad, 'district courts have discretion to limit

the scope of discovery [when] the information sought is overly broad or would prove unduly burdensome to produce.'" *Plain Local Sch. Dist. Bd. of Educ. v. DeWine,* 335 F.R.D. 115, 119 (N.D. Ohio 2020) (alteration in original) (quoting *Surles ex rel. Johnson v. Greyhound, Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007)). As such, "the scope of discovery is within the sound discretion of the trial court." *Stumph v. Spring View Physician Practices, LLC*, No. 3:19-CV-00053-LLK, 2020 WL 68587, at *2 (W.D. Ky. Jan. 7, 2020) (quotation marks and citations omitted).

### III. DISCUSSION

At the outset, the Court notes that Plaintiffs should have been more diligent in propounding discovery requests. Though technically timely, their eleventh-hour requests have put Defendants and the Court in a tough spot. Namely, engaging in discovery now puts other case deadlines at risk. But the trial date of February 12, 2024, will not change absent "exceptional circumstances." (Doc. 493 at 2; *see also* Doc. 498 at 8 ("[The trial date] is not going to be continued. It's gone on long enough.")). Plaintiffs have offered no justification for their delay, and there is no exceptional circumstance warranting a scheduling change. Accordingly, the Court analyzes these requests through the lens of timing.

Defendants argue that Plaintiffs cannot use the requested information without amending their damages expert's report, which would affect other deadlines in the case. But Plaintiffs offer other uses for the requested information. For example, Plaintiffs say the documents will show Defendants' "knowledge of the value" of "the oil and gas in the ground," which may be relevant to claims concerning future damages or punitive damages. (Doc. 540 at 7–8, 10). Plaintiffs also explain that the materials could be used at trial on cross-examination or as rebuttal evidence should Defendants challenge their expert's decline curve analysis. (Doc. 540 at 8–10).

3

Defendants object to most of Plaintiffs' proposed uses. First, they argue future damages are unavailable to Plaintiff unless Defendants' "purported trespass rendered inaccessible [the] gas, thereby destroying the value thereof." (Doc. 545 at 11 (internal quotations omitted)). For their part, Plaintiffs cite a state court decision that allows the use of decline curve analysis to determine future production in calculating trespass damages. (*See* Doc. 540 at 7–8, citing *Tera, LLC v. Rice Drilling D, LLC*, 205 N.E.3d 1168, 1193 (Ohio Ct. App. 2023), *reconsideration denied*, No. 21 BE 0047, 2023 WL 1974722 (Ohio Ct. App. Feb. 7, 2023), *appeal allowed sub nom.*, 210 N.E.3d 545 (Ohio 2023)). While Defendants contest the availability of future damages for Plaintiff, that issue is not before the Court to decide at this time. (Doc. 498 at 11 (discussing the parties' likely filing of summary judgment briefs on damages and calculations); *see, e.g.*, *Sells v. CSX Transportation Inc.*, No. 1:16-cv-557, 2017 WL 3267772, at *3 (S.D. Ohio July 28, 2017) (considering the availability of future damages through motions *in limine*); *Leisure Systems, Inc. v. Roundup, LLC*, No. 1:11-cv-384, 2013 WL 12178132, at *1–2 (S.D. Ohio Jan. 23, 2013) (same). Today, the Court must decide only if Plaintiffs may obtain documents that are relevant should future damages be available to them. Defendants may argue for exclusion before the District Judge at the appropriate time.

Next, Defendants argue that "discovery related to punitive damages is most relevant to a determination of good or bad faith," meaning that Plaintiffs should have made these requests during the liability discovery period. (Doc. 545 at 11–12). But the information Plaintiffs request is relevant to the *amount* of punitive damages that could be awarded. Punitive damages in Ohio serve two purposes: to "punish the wrongdoer" and "to deter others from similar conduct." *Obeidallah v. Anglin,* No. 2:17-cv-720, 2018 WL 6715372, at *5 (S.D. Ohio) (quoting *Wagner v. McDaniels*, 459 N.E.2d 561, 564 (Ohio 1984)). "Whether a damages award succeeds in punishing

4

a wrongdoer or deterring others depends on the scale of the damages award relative to the net worth of the defendant, and in particular, to the amount of profit that that wrongful action generated for the wrongdoer." *Id.* (citing *Wagner*, 459 N.E.2d at 564). Here, Plaintiffs seek valuations, appraisals, and analyses of the amount of gas Defendants anticipate producing from the subject wells. (Doc. 540 at 11). Plaintiffs' theory is that Defendants "purposefully rushed into their leases with Plaintiffs without being precise as to the specific geologic formations leased for their own financial gain." (*Id.* at 14). As such, the requested information on the value of the wells, as determined by Defendants, could influence a jury's determination of the appropriate amount that would serve Ohio's two purposes of punitive damages.

Defendants also object to Plaintiffs' use of these requested materials in rebuttal should Defendants challenge their expert's decline curve analysis. (Doc. 545 at 11). Specifically, Plaintiffs argue that this information could be used as "direct evidence at trial that Defendants' understanding of values of product are not out of line with Plaintiffs' expert's analysis." (Doc. 540 at 13). Defendants argue that because they have challenged only Plaintiffs' expert's "methodological inconsistencies and flaws" and have not relied on the requested information, Plaintiffs cannot use it in rebuttal. (*Id.*). But Defendants do not address Plaintiffs' argument that the documents could be used on cross-examination. And while future motions may result in the requested materials being excluded on rebuttal, the Court finds that they are potentially admissible and relevant for the reasons Plaintiff described, and as such, Plaintiffs are entitled to them. *See, e.g.*, *Long v. Am. Red Cross*, 145 F.R.D. 658, 662 (S.D. Ohio Feb. 26, 1993) ("Some of that information might well be inadmissible[.] Some might not. . . . [E]vidence is discoverable as long as it is reasonably calculated to lead to the discovery of admissible evidence."). Again, Defendants may argue for exclusion before the District Judge if and when the time comes.

5

Finally, Defendants argue that the burden of producing the requested materials outweighs its likely benefit. (Doc. 545 at 12). The Court disagrees. Defendants represent that collection can be completed in two to three days. (*Id.*). Considering the documents' relevance, their production is not disproportionately burdensome. This is especially true because Defendants have produced similar materials in the past for other wells.

In their briefing, Defendants express concern that responding to the discovery requests will jeopardize the trial schedule. The Court shares their concern. But Plaintiffs' requests were technically timely, the information sought is relevant to damages, and the information is not unduly burdensome for Defendants to produce. With diligence, discovery can be produced, and the trial schedule can hold. But Plaintiffs are warned that they will be held to the representations in their briefing regarding the scope and use of discovery.

To that end, Defendants are **ORDERED** to produce the documents within seven (7) days of the date of this Order. The Court notes that motions for damages discovery must be fully briefed by January 4, 2024, and that trial is set to begin on February 12, 2024. (Doc. 493 at 1–2). As discussed, the Court does not intend to change these deadlines.

IV.   **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Compel (Doc. 540) is **GRANTED.** Defendants are **ORDERED** to provide the requested discovery responses within seven (7) days of the date of this order.

IT IS SO ORDERED.

Date: December 14, 2023              /s/ Kimberly A. Jolson
                                     KIMBERLY A. JOLSON
                                     UNITED STATES MAGISTRATE JUDGE