IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **TERA II, LLC,** *et al.*, | : | Case No. 2:19-cv-02221 |
| | : | |
| Plaintiffs, | : | **Chief Judge Algenon L. Marbley** |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| v. | : | |
| | : | |
| **RICE DRILLING D, LLC,** *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## **OPINION & ORDER**

This matter is before the Court on Plaintiffs' Motion to Dismiss Count VI of their Second Amended Complaint Against Defendants Gulfport Energy Corporation and Gulfport Appalachia, LLC (hereinafter "Gulfport") (ECF No. 572) and Gulfport's Renewed Motion for Summary Judgment on Count VI of the Second Amended Complaint (ECF No. 557). For the reasons set forth below, Plaintiffs motion to dismiss (ECF No. 572) is **GRANTED** and Gulfport's motion for summary judgment is **DENIED AS MOOT**.

### I.  BACKGROUND

On December 12, 2021, Plaintiffs filed their Second Amended Complaint. (ECF No. 302). The Second Amended Complaint alleges six counts: (I) declaratory judgment; (II) trespass; (III) conversion; (IV) unjust enrichment; (V) fees; and (VI) breach of contract. On February 25, 2022, Gulfport moved for summary judgment on all of Plaintiffs' claims in their Second Amended Complaint. (ECF No. 389). On June 28, 2023, this Court granted in part and denied in part Gulfport's motion for summary judgment on Count VI. (ECF No. 490). After that ruling,

Plaintiffs' allegation that Gulfport improperly deducted costs prior to calculating royalties was the only remaining claim in Count VI. (*Id*. at PageID 16998-17002).

On December 21, 2023, Gulfport moved for summary judgment on Plaintiffs' remaining allegation under Count VI—damages resulting from improper deduction of costs occurring post-May 17, 2021. (ECF No. 557). Gulfport argues that they are entitled to summary judgment on Count VI because Plaintiffs have not adduced sufficient expert witness support for their claimed damages under Count VI. (*Id*.). On January 4, 2024, Plaintiffs responded to Gulfport's motion by filing a motion to dismiss voluntarily their remaining Count VI claim against Gulfport. (ECF No. 572). Plaintiffs argue that the remaining claim in Count VI against Gulfport should be dismissed for the following reasons: Plaintiffs have and continue to litigate their remaining claims against Gulfport, which involve substantially the same evidence and defenses that Gulfport employed to rebut Count VI; this Court's prior rulings make clear that pursuit of Count VI is no longer economically viable; and no party will suffer prejudice as a result of dismissing the single claim against Gulfport. (*Id*.). Gulfport did not respond in opposition to Plaintiffs' motion to dismiss.

## II. STANDARD OF REVIEW

The proper procedural vehicle for dismissing fewer than all the claims or parties to a lawsuit is Rule 21 of the Federal Rules of Civil Procedure. *Espinosa v. First Advantage Background Servs. Corp.*, 343 F.R.D. 414, 415-16 (S.D. Ohio 2023) (collecting cases). Rule 21 provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Rule 21 requires courts to consider whether allowing dismissal would be unduly prejudicial to the nonmoving party. *Wilkerson v. Brakebill*, No. 3:15-cv-435, 2017 WL 401212, at *2 (E.D. Tenn. Jan. 30, 2017). Courts are to use the standards in Rule 41 of the Federal Rules of Civil Procedure as guidance in

2

evaluating potential prejudice to the non-movant. *Id*. at *3. The Sixth Circuit has established four factors to consider when evaluating such potential prejudice: (1) the defendant's effort and expense of preparation for trial; (2) excessive delay and lack of diligence on plaintiff's part in prosecuting the case; (3) insufficient explanation for the need for dismissal; and (4) whether a motion for summary judgment is pending. *Grover v. Eli Lily & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). These factors are "simply a guide for the trial judge, in whom the discretion ultimately rests." *Rosenthal v. Bridgestone/Firestone, Inc.*, 217 Fed. App'x 498, 502 (6th Cir. 2007) (internal quotation marks and citation omitted). Accordingly, "[t]here is no requirement that each of the *Grover* factors be resolved in favor of the moving party before dismissal is appropriate." *Id*. Generally speaking, a motion to dismiss should be granted unless a defendant will suffer plain legal prejudice. *Wilkerson*, 2017 WL 401212, at *3 (quotation marks and citation omitted).

### III.    LAW & ANALYSIS

Applying the *Grover* factors, this Court finds for the Plaintiffs. For the first factor, Gulfport's time, effort, and expense of preparation in defending this litigation will be utilized at trial and not wasted since Plaintiffs seek only to dismiss one of many claims against Gulfport. For the second factor, there is no evidence of excessive delay or lack of diligence on Plaintiffs' part. After this Court's summary judgment order, Plaintiffs diligently investigated whether they have a viable claim against Gulfport in Count VI. For the third factor, Plaintiffs explain the need for dismissal given this Court's prior rulings. For the fourth factor, while there is a pending motion for summary judgment filed by Gulfport, that fact "does not mandate a finding of plain legal prejudice." *Rosenthal*, 217 Fed. App'x at 502. Ultimately, this Court finds that no real prejudice will result from the Court allowing Plaintiffs voluntarily to dismiss Count VI against Gulfport

since Gulfport will still be defending Plaintiffs' remaining claims using the same or similar evidence as Count VI.

## IV. CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Dismiss Count VI of their Second Amended Complaint Against Defendants Gulfport Energy Corporation and Gulfport Appalachia, LLC (ECF No. 572) is **GRANTED**. The remaining claim against Gulfport in Count VI of Plaintiffs' Second Amended Complaint (ECF No. 302) is hereby **DISMISSED**. Gulfport Energy Corporation and Gulfport Appalachia, LLC's Renewed Motion for Summary Judgment on Count VI of the Second Amended Complaint (ECF No. 557) is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

**DATED:  January 12, 2024**