IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERA II, LLC, et al., | : | |
| | : | Case No. 2:19-cv-2221 |
| Plaintiffs, | : | |
| | : | Chief Judge Algenon L. Marbley |
| v. | : | |
| | : | Magistrate Judge Jolson |
| RICE DRILLING D, LLC, et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION & ORDER**

This matter is before this Court on Defendant's Motion to Disqualify Plaintiffs' Counsel (ECF No. 537). Regarding interested party Bailey & Glasser, LLP's Motion for Leave to File Attached Surresponse (ECF No. 578), the surresponse was considered in the context of Defendant's Motion and is therefore **DENIED AS MOOT**. For the reasons set forth below, Defendant's Motion (ECF No. 537) is **DENIED**.

**I. BACKGROUND**

A recitation of the factual background of this case was fully set out in this Court's June 28, 2023, Opinion and Order. (ECF No. 490). Thus, the Court adopts the factual background as set out there. (*Id.*). In this particular matter, Defendant seeks to disqualify Plaintiffs' counsel, Bailey & Glasser, LLP ("B&G") on the grounds that B&G employs one Mr. Bryant Bowman II, "a former high-ranking landman with [Defendant's parent company] EQT Production Company ("EQT") who was the liaison between the legal and land departments and routinely worked in privileged settings for EQT's inhouse and outside counsel and personally assisted with Rice's legal defense of this exact case." (ECF No. 537 at 1).

## II. STANDARD OF REVIEW

Disqualification of counsel is "incidental to all courts, and is necessary for the preservation of decorum, and for the respectability of the profession." *Nilavar v. Mercy Health System—Western Ohio,* 143 F. Supp. 2d 909, 912 (S.D. Ohio 2001). Motions to disqualify are, however, subject to a heavy burden borne by the movant. *Id.* "Because litigants often make such motions for tactical reasons, and because disqualification of counsel impinges on a party's right to employ the counsel of its choice, the moving party bears the burden of establishing the need for disqualification." *Id*.

## III. LAW & ANALYSIS

A law firm's non-attorney employees are held to the same standards that govern attorneys under the Ohio Rules of Professional Conduct. "The Court's local rules incorporate the ethical standards of the Ohio Rules of Professional Conduct." S.D. Ohio Civ. R. 83.3(h). The Ohio Rules of Professional Conduct require "a lawyer to make reasonable efforts to ensure that a nonlawyer employee's conduct is compatible with the professional obligations of the lawyer." *Toledo Bar Ass'n v. Berling,* 153 N.E.3d 83, 86–87 (Ohio 2020) (citing Ohio Prof. Cond. R. 5.3(b)). Here, as a non-attorney employee of a law firm, Mr. Bowman is held to the same ethical standards as attorneys.

The Sixth Circuit has held that a party seeking the disqualification must establish three elements: that a past attorney-client relationship existed between the party seeking disqualification and the attorney sought to be disqualified; that the subject matter of those relationships is or was substantially related; and third, that the attorney acquired confidential information from the party seeking disqualification. *Dana Corp. v. Blue Cross & Blue Shield Mutual of Northern Ohio*, 900 F.2d 882, 889 (6th Cir.1990).

Here, a past attorney-client relationship existed between EQT – the party seeking disqualification – and Mr. Bowman. He spent almost 20 years assisting EQT's legal teams in various disputes. (ECF No. 537 at 4). The subject matter is indeed substantially related, evinced by the fact that Mr. Bowman assisted Defendant's legal counsel in developing litigation strategy for this case. (ECF No. 537 at 8). Finally, Mr. Bowman acquired confidential information, including documents and lease files, relating to Defendant's case. (*Id.*). While Defendant may be able to establish these threshold elements, disqualification is not proper in this case.

As Plaintiff properly highlights, disqualification of a party's choice of counsel is disruptive to the litigation process and is generally disfavored. *Gordon v. Dadente*, No. 1:05 CV 2726, 2009 WL 2732827 (N.D. Ohio Aug. 26, 2009). When considering motions to disqualify, "courts must be sensitive to the competing public interests of requiring professional conduct by an attorney and of permitting a party to retain the counsel of his choice." *Hamrick v. Union Twp.*, Ohio, 81 F. Supp. 2d 876, 878 (S.D. Ohio 2000). Even if the movant establishes the threshold elements, an attorney will avoid disqualification if they can rebut the presumption of disclosed confidences by submitting evidence that the new firm erected and followed adequate and timely screens to rebut evidence of exposure to confidential information. *Green v. Toledo Hosp.*, 764 N.E.2d 979 (Ohio 2002).

*Green* is the only Ohio appellate case dealing directly with the imputation of alleged conflicts to a law firm arising from a non-lawyer employee. Because our sister district courts rely on *Green*, this Court will similarly consider t he Supreme Court of Ohio's guidance. *See, e.g., DeCrane v. Eckart*, No. 1:16CV2647, 2019 WL 3213047, at *5 (N.D. Ohio July 17, 2019) ("The Court will apply the *Green* construct in order to determine whether disqualification [of a non-lawyer] is appropriate."); Ohio Trial Practice § 1:5 *Attorney-client relationship—Disqualification*

*of counsel for conflict* (June 2023 ed.) (advising that courts should follow the three-part procedure from *Green* "[i]n ruling on a motion to disqualify … adverse counsel's entire firm because it employs a non-lawyer employee who relocated from a firm that represented a litigant in the present case"); 6 Ohio Jur. 3d Attorneys at Law § 169 (Nov. 2023 update) (same). (ECF No. 578-1 at 5).

Here, B&G timely screened Mr. Bowman from any involvement in this matter (ECF No. 553-1 at ¶¶ 14, 15, 19 and 20). He has not worked on this matter while at B&G or any other matter in which EQT is directly or indirectly involved. *Id.* The Ohio Rules of Professional Conduct further state that conflicts relative to non-attorneys like Mr. Bowman are not imputed to disqualify the non-attorney's firm if the firm screens the non-lawyer from participation in the matter:

> [4] The rule in division (a) also does not prohibit representation by others in the law firm where the person prohibited from involvement in a matter is a nonlawyer, such as a paralegal or legal secretary. Nor does division (a) prohibit representation if the lawyer is prohibited from acting because of events before the person became a lawyer, for example, work that the person did while a law student. Such persons, however, ordinarily must be screened from any personal participation in the matter to avoid communication to others in the firm of confidential information that both the nonlawyers and the firm have a legal duty to protect. See Rules 1.0(l) and 5.3.

Ohio Prof. Cond. Rule 1.10(a), Comment 4. It is evident that any apparent conflict involving Mr. Bowman and B&G has been appropriately dealt with.

Finally, the United States District Court for the Northern District of West Virginia has previously denied EQT's motion to disqualify B&G on the basis of Mr. Bowman's employment, the exact issue in this matter. *McEvoy v. Diversified Energy Co. PLC*, Civil Action No. 5:22-CV-171, 2023 WL 6194949 (N.D.W.V. Feb. 22, 2023). That court noted that "[i]t would appear that EQT is attempting to foreclose an employee that they terminated from securing any meaningful employment in the oil & gas industry, by claiming that any employment could lead to the confidential information being divulged or by claiming that the duty to consult constitutes a

4

conflict." *Id.* at *6. Given the clear answer to the exact issue before this Court, disqualification is not warranted in this case.

## IV.     CONCLUSION

Given the lack of support, the clear screening measures employed, and the preclusion of the issue, this Court finds that Defendant's motion is without merit. For the reasons stated above, Defendant's Motion is **DENIED**. (ECF No. 537). Interested party Bailey & Glasser, LLP's Motion for Leave to File Attached Surresponse (ECF No. 578) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
**CHIEF UNITED STATES DISTRICT JUDGE**

**Dated: February 5, 2024**