IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TERA II, LLC, *et al.*, | : |
| Plaintiffs, | : Case No. 2:19-cv-2221 |
| | : |
| v. | : Chief Judge Algenon L. Marbley |
| | : Magistrate Judge Kimberly. A Jolson |
| RICE DRILLING D, LLC, *et al.*, | : |
| Defendants. | : |

## ORDER

This matter is before the Court on Defendants' Motion to Bifurcate Punitive Damages Trial. (ECF No. 594). For the reasons explained below, this motion is **DENIED**.

### I. BACKGROUND

This case arises from a dispute between parties to an oil and gas lease. Specifically, Plaintiffs—TERA II, LLC ("TERA II"), TERA III Honza, LLC ("TERA III"), TERA IV, LLC ("TERA IV")—allege that Defendants—Gulfport Energy Corporation, Gulfport Appalachia, LLC's, and Rice Drilling D, LLC's—infringed on Plaintiffs' mineral rights by drilling on property that they are not entitled to drill, outside of the terms of the leases. As a result, Plaintiffs sued for a variety of different issues, including trespass, conversion, unjust enrichment, and fees—a universe of claims narrowed from their underlying complaint by, among other things, this Court's June 28, 2023, Opinion and Order on the parties' motions for summary judgment as to issues of liability. (ECF No. 490).

After dismissal of one prior defendant, a myriad of discovery motions, and briefing on Plaintiffs' motion to reconsider, Defendants moved for bifurcation of the upcoming trial into two stages: (1) liability and compensatory damages; and (2) if liable, punitive damages. Earlier this

week, this Court ruled on the parties' supplemental motions for summary and various expert discovery-related issues. Op. & Order, ECF No. 645. In light of the upcoming trial, this Court now turns its attention to the Defendants' request to bifurcate.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 42(b) provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed R. Civ. P. 42(b). Defendants, as the party seeking bifurcation, "ha[ve] the burden of showing that concerns such as judicial economy and prejudice weigh in favor of granting the motion." *Woods v. State Farm Fire & Cas. Co.*, No. 2:09-cv-482, 2010 WL 1032018, at *1 (S.D. Ohio Mar. 16, 2010) (citing Wright & Miller, Federal Practice and Procedure § 2388 (2d ed. 2006)). There is, however, no bright-line rule as to when bifurcation is appropriate: the propriety of trying issues separately "depend[s] on the facts of each case, a matter to be determined by the trial judge exercising a sound discretion." *In re Benedectin Litig.*, 857 F.2d 290, 307 (6th Cir. 1998) (cleaned up) (citation omitted). As this Court has pointed out previously, "federal courts have long adhered to the rule that bifurcation should be ordered only in exceptional cases because the piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course." *Bennett v. Board of Educ. of Washington Cnty. Joint Vocational Sch. Dist.*, No. 08-CV-0663, 2011 WL 4753414, at *6 (S.D. Ohio Oct. 7, 2011) (citation omitted). Importantly, Ohio's tort reforms efforts have not displaced this discretion. *See Bonasera v. New River Elec. Corp.*, 518 F. Supp. 3d 1136, 1150-52 (S.D. Ohio Feb. 10, 2021) (conducting an *Erie* analysis of the interaction between the Ohio Revised Code provisions mandating bifurcation and Federal Rule of Civil Procedure 42(b) and concluding that 42(b) prevails).

### III.  LAW & ANALYSIS

The issue at the core of Defendants' motion to bifurcate has woven its way through this litigation from all parties: what is the role of the Defendants' intent—i.e., willfulness, good faith, bad faith—in determining their liability and/or damages owed? *See, e.g.*, ECF Nos. 386, 424, 551, 556, 574, 575. On this, the parties split. Plaintiffs assert an evidentiary standard, in that the jury must decide whether Defendants acted in good faith or bad faith in order to determine if Defendants are *liable* of the trespass alleged by Plaintiffs (Resp. to Mot. to Bifurcate at 5), while Defendants assert a punitive damages standard, in that the extent that Defendants acted in good or bad faith is relevant only to ascertaining what, if any, *damages* to award if the jury finds Defendants liable (Mot. to Bifurcate at 4).

Under this Court's case law, even if Defendant's intent is irrelevant to liability and matters only for punitive damages, such that there would be no overlapping evidence or witnesses, the trial can—*but does not have to*—be bifurcated. *Compare*, *with Great West Casualty Co. v. Flandrich*, No. 07-cv-1002, 2010 WL 1433306, at * (S.D. Ohio Apr. 2, 2010) (granting bifurcation under a preempted Ohio state code provision), *with Bennett*, 2011 WL 4753414, at *6 (denying bifurcation of punitive damages from compensatory damages). Regardless, this Court has discretion to determine which of the suggested avenues is the least prejudicial to both parties or the most efficient or convenient for all involved—including this Court and the witnesses. *See Benedectin*, 857 F.2d at 307.

Defendants start by asserting that bifurcation is warranted because "if the jury finds in Defendants' favor on this threshold liability question [of contractual interpretation], evidence and argument related to punitive damages would be needless." (Mot. to Bifurcate at 4). Defendants rightfully immediately pivot to emphasize that they do not actually request the contract question

be severed from other aspects of the trial, and that, rather, they ask only for a splitting off of punitive damages. *Id.* This Court, then, need not explain why it opts not to entertain the argument implying some rationale for bifurcating an even smaller aspect of Defendants' potential liability from the rest of the case. *See Bonasera*, 518 F. Supp. at 1152 (explaining that bifurcation is appropriate to filter out "evidence *only* admissible for determining punitive damages" and nothing more (emphasis added)).

But even as to this more narrow request of a punitives-only stage, Defendants have failed to flip the default that "the piecemeal trial of separate issues in a single lawsuit or the repetitive trial of the same issue in severed claims is not to be the usual course." *Bennett*, 2011 WL 4753414, at *6. Plaintiffs assert a claim for willful trespass. Accordingly, on multiple occasions, this Court has reiterated that "[t]respassing creates a presumption of willful conduct on the part of the trespasser and requires the defendant to prove by a preponderance of the evidence that he acted in good faith." *TERA II, LLC v. Rice Drilling D, LLC*, --- F. Supp. 3d ----, 2023 WL 4236670, at *18 (S.D. Ohio June 28, 2023); Op. & Order, ECF No. 645 at 34. And in attempting to ascertain Defendants' potential liability for trespass and conversion, this Court has also reiterated that "there [] exists a genuine issue of material fact as to whether Defendants acted in good faith when drilling into the Point Pleasant" and "as to whether Defendants acted wrongfully." *TERA II, LLC*, 2023 WL 4236670, at *19, 22; Op. & Order, ECF No. 645 at 33, 35, 38. Necessarily, then, this Court has concluded that evidence relating to Defendants' willfulness—interpreted as bad faith, inasmuch as it is the opposite of good faith—comes into play at the liability stage, not just a potential punitive damages calculation. Thus, the more convenient, expeditious, and economical route is to consider all issues together.

Certainly, as trial progresses and the jury deliberates, issues may no longer be ripe for consideration. The Defendants correctly point out that "[i]f the Defendants had the right to drill the Point Pleasant, the tort claims would be moot." (Mot. to Bifurcate at 4 (citing *TERA II, LLC v. Rice Drilling D, LLC*, --- F. Supp. 3d ----, 2023 WL 4236670, at *12 (S.D. Ohio June 28, 2023))). The same is true regarding the impact of a finding of no liability on the jury's requirement to consider compensatory damages. But this alone does not justify bifurcation under Rule 42(b).

And the decision not to bifurcate does not displace Ohio's requirement that a jury must first determine that a plaintiff is owed compensatory damages before punitive damages are available. *See* Ohio Rev. Code § 2315.21(C)(2). Under either party's order of operations, punitive damages are reserved for after a determination of liability—and therefore compensatory damages, if any. (*Compare* Mot. for Bifurcation at 12, *with* Resp. to Mot. for Bifurcation at 3).

Rule 42(b) cannot, and will not, be understood as a categorical grant of bifurcation of punitive damages in every case; to do so would eliminate the "case-by-case approach" required by the Sixth Circuit, *Nature's One, Inc. v. Spring Hill Jersey Cheese, Inc.*, No. 2:15-cv-02820, 2016 WL 4094959, at *2 (S.D. Ohio Aug. 2, 2016), and this Court's rejection of the bifurcation mandate, *Bonasera*, 518 F. Supp. 3d at 1151. As such, the trial will proceed with all issues considered together.

## IV. CONCLUSION

For the reasons explained above, Defendants' Motion to Bifurcate Punitive Damages Trial is **DENIED**.

IT IS SO ORDERED.

ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE

DATED: February 16, 2024