IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **TERA II, LLC,** *et al.*, : | |
| : | Case No. 2:19-cv-2221 |
| **Plaintiffs,** : | |
| : | Chief Judge Algenon L. Marbley |
| v. : | Magistrate Judge Kimberly. A Jolson |
| : | |
| **RICE DRILLING D, LLC,** *et al.*, : | |
| : | |
| **Defendants.** : | |

## OPINION & ORDER

This matter is before this Court on following motions: Defendants Gulfport Appalachia, LLC, Gulfport Energy Corporation (collectively, Gulfport)'s Motion in Limine (ECF No. 585), Plaintiffs' First and Second Motions in Limine (ECF Nos. 588, 589), Defendant Rice Drilling D, LLC (Rice)'s Motion in Limine (ECF No. 593). It is unnecessary to recite again the facts of this case, which have been detailed in this Court's various opinion and orders. *See TERA II, LLC v. Rice Drilling D, LLC*, 2023 WL 4236670, at *2-5 (S.D. Ohio June 28, 2023) [hereinafter June MJS Order].

For the reasons explained below, Gulfport's Motion in Limine (ECF No. 585) and Plaintiffs' First Motion in Limine (ECF No. 588) are **DENIED**, while Plaintiffs' Second Motion in Limine (ECF No. 589) and Rice's Motion in Limine (ECF No. 593) are **GRANTED IN PART AND DENIED IN PART**.

### I. STANDARD OF REVIEW

#### A. Motions in Limine

The purpose of a motion in limine is "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). "It is

well established that [w]hether or not to grant a motion in limine falls within the sound discretion of the trial court." *Delay v. Rosenthal Collins Grp., LLC*, No. 2:07-cv-568, 2012 WL 5878873, at *2 (S.D. Ohio Nov. 21, 2012) (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012)). The guiding principle is "to ensure evenhanded and expeditious management of trials." *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004).

The burden rests on the movant, *Morrison v. Stephenson*, 2008 WL 343176, at *1 (S.D. Ohio Feb. 5, 2008), to demonstrate to the Court that the evidence she seeks to exclude is "clearly inadmissible on all potential grounds," *Delay*, 2012 WL 5878873, at *2 (citing *Ind. Ins. Co.*, 326 F. Supp. 2d at 846). But "[u]nless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp. 2d at 846. Allowing the court "to deal with questions of admissibility as they arise" is preferable because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *United States v. Jacobs*, --- F. Supp. 3d ---, 2023 WL 3579043, at *3 (S.D. Ohio May 22, 2023) (first quoting *Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975), then quoting *Morrison*, 2008 WL 343176, at *1).

Additionally, "[a] ruling on a motion in limine is no more than a preliminary, or advisory, opinion that falls entirely within the discretion of the district court." *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994) (citing *United States v. Luce*, 713 F.2d 1236, 1239 (6th Cir. 1983)). Thus, this Court "may change its ruling at trial for whatever reasons it deems appropriate." *Id.*

### B. Applicable Rules of Evidence

Evidence that is not relevant is not admissible. Fed. R. Evid. 402. Evidence is relevant, and therefore generally admissible, so long as it "has any tendency to make a fact more or less

2

probable," and so long as "the fact is of consequence in determining the action." Fed. R. Evid. 401. It is well established that "[t]he standard for relevancy is 'extremely liberal' under the Federal Rules of Evidence." *Dortch v. Fowler*, 588 F.3d 396, 400 (6th Cir. 2009) (internal citation omitted).

Assuming evidence is relevant, Rule 403 nonetheless grants trial courts discretion to exclude that evidence "if its probative value is substantially outweighed" by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. The Sixth Circuit has consistently held that the level of unfair prejudice necessary to exclude otherwise relevant evidence is a high bar and must be the type of evidence to "suggest a decision made on an improper basis." *See, e.g.*, *United States v. Johnson*, 581 F. 3d 320, 327 (6th Cir. 2009).

Additionally, because this Court determined the lease at issue here is ambiguous, parties can offer, and this Court can consider, "traditional methods of contract interpretation to resolve the ambiguity, including drawing inferences and presumptions and introducing extrinsic evidence." *Schachner v. Blue Cross & Blue Shield of Ohio*, 77 F.3d 889, 893 (6th Cir. 1996). This Court rightfully resolved the question of ambiguity, as it is a question of law, but "the meaning of these ambiguous words or phrases in the contract is a question of fact for the jury." *Ohio Hist. Soc'y v. Gen. Maint. & Eng'g. Co.*, 65 Ohio App. 39 139, 146, 583 N.E.2d. 340, 344 (Ohio 1989).

Lastly, in civil cases, Rule 407 requires that evidence of subsequent remedial measures, taken after an injury-causing event, be excluded if offered to prove negligence or culpable conduct with respect to the event. *See* 30 Am.Jur. Proof of Facts 3d 307 (citing FED.R.EVID. 407, Advisory Committee's Note). This Rule is not without exception: "[T]he court may admit [ ]

3

evidence [of a subsequent remedial measure] for another purpose, such as impeachment[.]" Fed. R. Evid. 407.

## II. LAW & ANALYSIS

As mentioned, at issue here are four motions in limine: one from Gulfport, two from Plaintiffs, and one from Rice. This Court addresses each in turn.

### A. Gulfport's Motion in Limine

*1. Preclude evidence or argument regarding claims discharged in bankruptcy*

While Gulfport titles this part of its motion in limine as referring to "claims discharged in bankruptcy," Gulfport actually seeks to exclude "any claim for trespass damages." (Gulfport Mot. in Limine, ECF No. 585, at 3). But as both parties agree—as they should—the Settlement Agreement signed in relation to Gulfport's bankruptcy did not bar claims for damages that accrued after May 17, 2021—only causes of action that accrued before that date. (*Compare* Gulfport Mot. in Limine, ECF No. 585, at 4, *with* Pls.' Resp. to Gulfport Mot. in Limine, ECF No. 613, at 2). Therefore, the Settlement Agreement does not preclude Plaintiffs from seeking *all* damages relating to trespass. Gulfport's attempt to exclude this evidence and argument, then, is **DENIED**.

*2. Preclude argument for duplicative recovery for trespass, conversion, and unjust enrichment*

Gulfport is correct that "[t]he law abhors duplicative recoveries" and that "a plaintiff who is injured by a defendant's misconduct is, for the most part, entitled to be made whole, not enriched." *Kramer Consulting v. McCarthy*, No. C2-02-116, 2006 WL 581244, at *5 (S.D. Ohio March 8, 2006); (*see* Gulfport Mot. in Limine, ECF No. 585, at 4). But Plaintiffs do not seek duplicative damages; Plaintiffs are merely pursuing alternative theories of liability, a practice long allowed in Ohio. (Pls.' Resp. to Mot. to Bifurcate, ECF No. 610, at 7-8). Gulfport's motion as to duplicative recovery is therefore **DENIED**.

4

3. *Preclude argument asking the jury to "send a message" or act as the "conscience of the community"*

Gulfport seeks to exclude any argument that jurors should "send a message" to Defendants or act as the "conscience of the community." At this juncture, this Court declines to make any blanket orders as to how Plaintiffs' may frame their argument. Instead, "[b]oth parties are advised to avoid inflaming the 'passion and prejudice' of the jury so that this Court will be assured of the propriety of any verdict reached." *Crawford v. Columbus State Comm. Coll.*, No. 2:15-cv-2438. 2018 WL 11356950, at *2 (S.D. Ohio Apr. 13, 2018) (citing *Honda Motor Co., Ltd. v. Oberg*, 512 U.S. 415, 425-26 (1994)). Gulfport's motion as it pertains to this is therefore **DENIED**.

4. *Preclude "golden rule" arguments*

The Golden Rule asks for jurors to place themselves in the place of the plaintiff. *Locke v. Swift Transportation Co. of Arizona, LLC*, No. 5:18-CV-00119-TBR, 2019 WL 6037666, at *2 (W.D. Ky. Nov. 14, 2019). As this Court has previously noted, "court[ ]s disfavor arguments which reference the 'Golden Rule' or ask the jury to put themselves in a party's place." *McNamee v. Nationstar Mortg. LLC*, No. 14-1948, 2021 WL 4860602, at *4 (S.D. Ohio Oct. 19, 2021). This is because "[s]uch arguments invite 'decisions based on bias and prejudice rather than consideration of the facts.'" *Id.* (quoting *Life for Relief & Dev. v. Bank of Am., N.A.*, No. 12-13550, 2017 WL 3616498, at *3-4 (E.D. Mich. Aug. 23, 2017)).

But here, Gulfport's speculative motion "in effect seeks an Order from this Court instructing Plaintiff only to introduce evidence and testimony that is not objectionable." *Yukech v. Cali. Trans.*, No. 2:20-cv-05804, 2023 WL 4370575, at *6 (S.D. Ohio July 6, 2023). As Gulfport fails to provide sufficient details as to when, or why, such argument would arise, the better course of action is to allow Gulfport to "object contemporaneously in the event that Plaintiffs introduces

testimony or evidence that is potentially violative of the restriction against 'Golden Rule' arguments." *Id.* So, Gulfport's motion as it pertains to "Golden Rule" is **DENIED**.

### B. Plaintiffs' First Motion in Limine

*1. Preclude evidence or argument regarding Defendants' well costs*

As Defendants respond to Plaintiffs' attempt to preclude this information, since this Court "has held that the issue of willful trespass is live and pending the jury's determination," *see* June MSJ Order, at *19, Defendants' well costs are relevant to both willfulness and any potential punitive damages, should the need arise. (*See also* Order Denying Mot. to Bifurcate, ECF No. 653, at 4). Additionally, this Court recently rejected Plaintiffs' parallel argument asserting the requirement of expert testimony on this issue in their Motion for Partial Summary Judgment. *See* Op. & Order, ECF No. 645, at 33-35. Therefore, Plaintiffs' motion as to well costs is **DENIED**.

*2. Preclude evidence or argument regarding Gulfport's costs and expenses prior to bankruptcy*

This Court agrees that Gulfport's costs pertaining to production before May 17, 2021 are not relevant here, so Plaintiffs' motion as to this aspect is **GRANTED.** But as expenditures pre-May 17, 2021 may have funded or otherwise facilitated extractions after May 17, 2021 and are therefore relevant, preclusion of any other of Gulfport's costs and expenses is **DENIED**.

*3. Preclude evidence or argument regarding post-production costs*

The evidence and argument Plaintiffs seek to preclude is relevant: post-production costs are instructive in quantifying the value of the gas in the ground, which informs the quantity of compensatory damages. *See* Op. & Order, ECF No. 645, at 21. Therefore, Plaintiffs' motion to exclude this information is **DENIED** on relevancy grounds.

6

*4. Preclude evidence or argument regarding payment of royalties, except as an offset to damages*

This Court has previously found that the payment of royalties is relevant for multiple reasons: first, to Plaintiffs' intent in entering the lease and other related key contractual interpretation issues; and second, to Defendants' defenses inasmuch as it is applicable to a dispute of material fact regarding whether Defendants were prejudiced. *See* June MSJ Order, at *14, 28. Therefore, Plaintiffs' attempt to exclude this information is **DENIED**.

*5. Preclude evidence or argument regarding the signing bonus Rice paid to Plaintiffs, or Plaintiffs' predecessor, to sign the subject oil and gas leases*

Similar to the royalties, the signing bonus is also relevant to Plaintiffs' intent in signing and interpretation of the lease—a key outstanding issue. As this information therefore clears the Rules' low bar for relevance, Plaintiffs' motion as to signing bonus information is **DENIED**.

### C. Plaintiffs' Second Motion in Limine

*1. Preclude evidence and testimony regarding non-party to the original contracts*

To start, Plaintiffs aptly do not contest that this Court has deemed extrinsic evidence appropriate because it determined that the lease at issue is ambiguous. June MSJ Order, at *29-30. As such, "the meaning of these ambiguous words or phrases in the contract is a question of fact for the jury," *Ohio Hist. Soc'y*, 65 Ohio App. at 146, to which extrinsic evidence can be offered.

Additionally, Plaintiffs do not appear to dispute that this information is relevant—and rightfully so—as this Court has found this non-party testimony "provide[s] critical context to Plaintiffs' own intended meaning of the leases." *TERA II, LLC v. Rice Drilling D, LLC*, 2023 WL 2664415, at *3 (S.D. Ohio Mar. 28, 2023). And the non-parties are testifying about their own personal knowledge. *See* Fed. R. Evid. 602. Because this Court has not changed its opinion about the relevancy of this admissible information, Plaintiffs' motion on this is **DENIED**.

2. *Preclude evidence and testimony regarding party's unexpressed, subjective intent as to the meaning of the contract*

As to Rice's "subjective" and "unexpressed" intent, this Court agrees with Defendants that Plaintiffs' motion is premised on the assumption that "the 'formation commonly known as the Utica Shale' does not include the Point Pleasant." (Defs.' Resp. to Pls.' Mots. in Limine, ECF No. 622, at 8). But this Court has not adopted such a finding. Therefore, as Defendants assert that phrase *does* include the Point Pleasant, "then every instance in which the parties used the term 'Utica Shale' was an instance in which they expressed an intent to lease the Point Pleasant." (*Id.*). As each of these instances is an objective, expressed intent, then, consideration of this clearly relevant evidence does not negate that "[i]n contract interpretation, a party's external objective manifestation of intent prevails over his private and unexpressed intent." *Kahan v. Woodard-CM, LLC*, 2009 U.S. Dist. LEXIS 48525, *8 (N.D. Ohio, May 28, 2009). An individual piece of evidence need not carry a party's burden on an issue so long as it is relevant and otherwise admissible, as this extrinsic evidence is. *Dortch*, 588 F.3d at 401. Plaintiffs' motion as to this evidence and testimony is therefore **DENIED**.

3. *Preclude evidence and testimony regarding Defendants' mistake of law*

In order to be held liable for at least some of the claims Plaintiffs assert—including trespass, conversion, and unjust enrichment—Defendants' conduct must have been wrongful or in bad faith. June MSJ Order, at *30; (*See* Order Denying Mot. to Bifurcate, ECF No. 653, at 4). Whether Defendants' conduct was wrongful or in bad faith depends, fundamentally, on the interpretation of the lease at issue. June MSJ Order, at *30. As this Court has repeatedly stated, there are multiple questions of facts regarding the interpretation of the lease. So, Defendants' interpretation is inherently relevant, is not a mistake of law, and Plaintiffs' motion to the contrary is **DENIED**.

4. *Preclude evidence and testimony regarding industry usage of the phrase "Utica Shale"*

This Court has already found industry usage to be relevant given the lease's ambiguity. *See* June MSJ Order, at 30. Plaintiffs' attempt to reopen this issue via a motion in limine is therefore **DENIED**.

### D. Rice's Motion in Limine

1. *Preclude evidence and argument pertaining to intent, meaning, or interpretation of the leases that post-dates December 31, 2013*

As discussed above, this Court has deemed extrinsic evidence of the parties' interpretation of the lease to be relevant. Even so, "[u]nder Ohio law, the parol evidence rule excludes from consideration evidence . . . *occurring prior to or contemporaneous with* a written contract"—not evidence that post-dates the execution of a contract. *Columbia Gas Transmission Corp.*, 51 F. Supp. 2d 866, 871 (S.D. Ohio 1997). Therefore, Defendants' attempt to preclude this information is **DENIED**.

2. *Preclude evidence and argument pertaining to the Ohio state court case TERA, LLC v. Rice Drilling D, LLC et al.*

As this Court has stressed, Plaintiffs correctly point out that "[t]his case turns on the parties' intent when they agreed to the Reservation Clause." (Pls.' Resp. to Rice Mot. in Limine, ECF No. 612, at 5). As "Ohio courts generally presume that identical contract language means the same thing across the whole contract[,]" *P.I. & I. Motor Express, Inc. v. RLI Ins. Co.*, 40 F.4th 398, 409 (6th Cir. 2022), *reh'g denied*, No. 21-3412, 2022 WL 3237465 (6th Cir. Aug. 10, 2022), any evidence that will assist the jury in resolving the contractual ambiguities is relevant. This aspect of Rice's motion is therefore **DENIED**.

9

> 3. *Preclude evidence and argument pertaining to supposed injuries to individuals or entities whose claims are not set for trial*

Because Plaintiffs agree that the parties should refrain from introducing evidence regarding the jury's damages award in the prior case(s), that aspect of Rice's motion is **GRANTED**. Otherwise, Rice's motion to exclude this information is **DENIED**, as with non-parties to the contract at issue having relevant information, this information, too, is relevant to the parties' intent in entering into the lease.

> 4. *Preclude evidence and argument pertaining to dismissed claims*

Despite Defendants' contention that this motion would "prohibit Plaintiffs from referencing claims or properties for which there is no longer any live dispute," (Rice Mot. in Limine, ECF No. 593, at 8), only some of the claims regarding each of the parcels were disposed of at summary judgment. As other of Plaintiffs' claims regarding each of those parcels, then, remain live disputes, this information cannot be said to be categorically inadmissible. Where mentions of the claims that have been disposed of arise, this Court will handle at trial. So, Rice's motion as it pertains to the dismissed claims is **DENIED**.

> 5. *Preclude evidence and argument pertaining to subsequent remedial measure of any lease amendments*

Rice also asks the Court to exclude evidence or argument regarding subsequent remedial measures, which this Court agrees is generally prohibited by Rule 407. In response, Plaintiffs argue that the lease amendments go to Defendants' intent inasmuch as they demonstrate Rice's bad faith. (Pls.' Resp. to Rice Mot. in Limine, ECF No. 612, at 7). Plaintiffs attempt to distinguish this from "culpable conduct," but as this Court has reiterated that intent goes to culpable conduct, this aspect of Rice's motion is **GRANTED**.

6. *Preclude evidence and argument pertaining to the sale of Rice to EQT Corp.*

As discussed above, this Court has deemed extrinsic evidence regarding the interpretation of the lease to be relevant. As this Court finds the sale of Rice to EQT Corporation to be relevant to the parties' intent while entering into the lease, this evidence and argument is therefore relevant to trial. The sale is also relative to punitive damages. Rice's motion as to the sale of Rice to EQT is therefore **DENIED**.

7. *Preclude evidence and argument pertaining to Defendants' finances, share value, financial condition, or net worth, including of Defendants' employees*

Under Ohio law, "evidence of a tortfeasor's financial position is relevant and may be considered by the jury in determining the appropriate amount of punitive damages." *Wagner v. McDaniels*, 459 N.E.2d 561, 564 (Ohio 1984). As Plaintiffs' claim for punitive damages remains on the table for the jury's consideration, this aspect of Rice's motion is **DENIED**.

8. *Preclude evidence and argument pertaining to hourly rates, law firm size, attorney admissions, or size of Defendants' trial team*

As Plaintiffs "do not object to this motion so long as it is applied equally to both sides—i.e., that Rice, too, is prevented from making similar comments concerning the law firms and number of lawyers representing Plaintiff or Plaintiff's motivation in bringing this suit," this part of Rice's motion is **GRANTED**. This Court emphasizes that this prohibition applies with equal for to both parties.

9. *Preclude evidence and argument pertaining to discovery disputes, proceedings, or Orders*

While Plaintiffs believe any references to discovery disputes, proceedings, or Orders should be considered in context at trial, (Pls.' Resp. to Rice Mot. in Limine, ECF No. 612, at 10), this Court agrees with Defendants that it "cannot fathom" how such disputes would be relevant to claims at issue. This aspect of Rice's motion is therefore **GRANTED** on relevancy grounds.

11

*10. Preclude evidence and argument pertaining to final settlement agreements or negotiations*

This Court need not delve too deep into the parties' arguments on this aspect of Rice's motion, as this evidence and argument is already precluded under Rule 408. Rice's motion as to final settlement agreements or negotiations is therefore **DENIED AS MOOT**.

*11. Preclude evidence and argument pertaining to misc. matters: insurance, requests for stipulations, objection as to evidence supposedly not produced*

Without an explanation of why Rice requires preclusion of this information, this Court cannot find such information would be clearly inadmissible. This Court is therefore not in a position to grant this aspect of its motion, and it is **DENIED**.

### III.  CONCLUSION

For the reasons explained above, Gulfport's Motion in Limine (ECF No. 585) and Plaintiffs' First Motion in Limine (ECF No. 588) are **DENIED**, while Plaintiffs' Second Motion in Limine (ECF No. 589) and Rice's Motion in Limine (ECF No. 593) are **GRANTED IN PART AND DENIED IN PART**. Specifically, Plaintiffs' Second Motion in Limine is **GRANTED IN PART** as to Gulfport's costs pertaining to production before May 17, 2021. Rice's Motion in Limine is **GRANTED IN PART** as to (1) subsequent remedial measure of any lease amendments; (2) hourly rates, law firm size, attorney admissions, or size of Defendants' trial team; and (3) discovery disputes, proceedings, or Orders.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: February 16, 2024**