# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **TERA II, LLC**, *et al.*, | : |
|     **Plaintiffs,** | :    Case No. 2:19-cv-2221 |
| | : |
| v. | :    Chief Judge Algenon L. Marbley |
| | :    Magistrate Judge Kimberly. A Jolson |
| **RICE DRILLING D, LLC**, *et al.*, | : |
|     **Defendants.** | : |

## OPINION & ORDER

This matter is before this Court on Defendants' Emergency Motion to Quash Plaintiffs' Trial Subpoenas or for a Protective Order. (ECF No. 642). Specifically, Defendants seek to quash Plaintiffs' subpoenas of (1) three witnesses, Toby Rice, Corey Peck, and Lester Zitkus; and (2) Rice and Gulfport, seeking testimony proving the authenticity of documents from "records custodians." (*Id.* at 1-3). In response, Plaintiffs oppose the Motion and move, in the alternative, for an Order "compelling Defendants to provide immediate notice of the availability of Toby Rice, Corey Peck, and Lester Zitkus to appear voluntarily at trial, notice of Defendants' intent to call said witnesses to testify live at trial and an opportunity for Plaintiffs to examine said witnesses as if they were called in Plaintiffs' case-in-chief." ("Plaintiffs' Motion in the Alternative," ECF No. 646). For the reasons set forth below, Defendants' Motion to Quash Plaintiffs' Trial Subpoenas to Mr. Peck, Mr. Rice, and Mr. Zitkus and Motion for a Protective Order (ECF No. 642) are **DENIED**. Defendants' Motion to Quash Plaintiffs' Trial Subpoenas to Rice and Gulfport's Records Custodians (ECF No. 642), Plaintiffs' Motion in the Alternative in response to Defendants' Motion to Quash (ECF No. 646), and Defendants' Motion for a Hearing on Plaintiffs' Motion in the Alternative (ECF No. 648) are **DENIED AS MOOT**.

## I. LAW AND ANALYSIS

### A. Defendants' Motion to Quash and for a Protective Order

*1. Subpoenas of Rice, Peck, and Zitkus*

Federal Rule of Civil Procedure 45 provides the rules and mechanisms for securing a nonparty's testimony or production of documents, and requires that the individual be effectively served with a subpoena. The Rule includes limitations on where an individual can be required to travel to comply with a subpoena, including, relevant here, that:

> A subpoena may command a person to attend a trial, hearing, or deposition only … within the state where the person resides, is employed, or regularly transacts business in person, if the person … (i) is … a party's officer; or (ii) is commanded to attend a trial and would not incur substantial expense.

Fed. R. Civ. P. 45(c)(1)(B).

The party issuing a subpoena, however, must "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). Whether a subpoena imposes an "undue burden" is a case-specific inquiry that depends on "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *J & R Passmore, LLC v. Rice Drilling D, LLC*, No. 2:18-cv-01587, 2023 WL 2633671, at *4 (S.D. Ohio Mar. 24, 2023) (quoting *Am. Elec. Power Co. v. United States*, 191 F.R.D. 132, 136 (S.D. Ohio 1999)).

The parties disagree about whether subpoenaing the three witnesses complies with Rule 45. Defendants assert that "Toby Rice, Corey Peck, and Lester Zitkus are not residents of, or employed in, the state of Ohio …[,] [n]or do any of them regularly transact business in person in the state of Ohio." (ECF No. 642 at 5). To the contrary, in the Defendants' eyes, the witnesses' connections to Ohio consist of "infrequent and sporadic business trips" that cannot be understood

as constituting "regularly transact[ing] business in person" in Ohio. (*Id.* at 5-6 (quoting *Mustafa Dogan Dairy Consulting, LLC v. La Colombe Torrefaction, Inc.*, 2018 WL 9801022, at *2 (W.D. Mich. Sept. 7, 2018)). In response, Plaintiffs appear to claim compliance for two reasons, both premised on their assertion that "each of them regularly perform duties of their employment and otherwise regularly transact business in person in the State of Ohio": first, that each of the witnesses was an officer of one of the Defendants, as Defendants listed each of the witnesses as Rule 30(b)(6) representatives—a.k.a. "officers, directors, or managing agents"; and second, because, albeit without confirmation, Plaintiffs believed Defendants intended to call each of the witnesses to appear at trial per Defendants' trial witness list, thereby eliminating any undue burden or substantial expense associated with testifying for Plaintiffs. (ECF No. 646 at 9); *see* Fed. R. Civ. P. 45(c)(1)(B).

This Court agrees with Plaintiffs on both fronts. First and foremost, Mr. Rice personally signed the leases at the core of this litigation. (*See* ECF No. 18 (SEALED) at 18). While that alone is not dispositive, this Court considers this important, particularly as to the case-specific inquiry at hand. In the course of related litigation, Mr. Rice repeatedly emphasized the thousands of "town hall meetings" and personal conversations he held with landowners regarding leases and well projects in Eastern Ohio over the years. (*See, e.g.*, ECF No. 646, Ex. 9, Toby Rice *Passmore* Depo., 105:12-24 – 106:1-2, 113:1-9; 115:4-9). According to Mr. Peck, Mr. Rice "routinely" made himself available for individual conversations spanning beyond the subject leases. (*See* ECF No. 646, Ex. 10, Corey Peck, Rule 30(b)(6) Corporate Representative of Rice, *Passmore* Depo., 82:8-22). Mr. Peck similarly conducted numerous landowner outreach meetings, spanning from annual in-person community updates to county-by-county meetings with Mr. Rice. (*Id.* at 193:17-24 – 194:1-11, 194:19-24 – 195:1-6). As Rice's parent company's Vice President of Land, as recently

3

as December 2023, Mr. Peck signed and registered documents on behalf of the company in Belmont County, Ohio, and regarding properties in Belmont County, Ohio. (*See* ECF No. 646, Exs. 11-13). The same is true for Mr. Zitkus in his role as Senior Vice President of Land for Gulfport as recently as July 2023. (*See* ECF No. 646, Exs. 14-15). Additionally, Mr. Zitkus stated that Gulfport's assets in Ohio "dictates … 60 to 70 percent of [his] time[.]" (ECF No. 646, Ex. 17, Lester Zitkus, Rule 30(b)(6) Representative of Gulfport, *Tera II* Depo., at 24:13-24 - 26:1-6). As such, this Court finds that Mr. Peck, Mr. Rice, and Mr. Zitkus regularly transact business in Ohio.

Additionally, the Plaintiffs (1) reasonably believed that the witnesses were the party's officers, *see* Fed. R. Civ. P. 45(c)(1)(B)(i), and (2) reasonably assumed that the witnesses would likely already be compelled to appear at trial by Defendants—and unsuccessfully attempted to confirm as much, *see* Fed. R. Civ. P. 45(c)(1)(B)(ii). For both of these reasons, then, this Court finds that Plaintiffs' subpoenas are Rule 45-compliant. Moreover, as this Court has noted, "compelling the appearance of an 'officer, director, or managing agent' of a party to the action does not even require a subpoena." *Novovic v. Greyhound Lines, Inc.*, No. 2:09–CV–00753, 2012 WL 252124, at *7 (S.D. Ohio Jan. 26, 2012).

One of Defendants' concerns with these subpoenas appears to be that Plaintiffs did not provide this more specific information earlier, such as during the parties' correspondence after Plaintiffs inquired if Defendants would be willing to accept service for the subpoenas. (*See* ECF No. 642 at 5 (citing ECF No. 642, Ex. A, Trial Subpoena Correspondence)). While noted, this evidence is now on the record, unlike in the cases provided by Defendants to support their assertion to the contrary. Because Plaintiffs provided sufficient evidence that their subpoenas to Mr. Peck, Mr. Rice, and Mr. Zitkus comply with Rule 45, Defendants' Motion to Quash these subpoenas is **DENIED**.

For the same reasons, Defendants' Motion for a Protective Order precluding Plaintiffs from seeking to compel these witnesses to appear in Plaintiffs' case-in-chief is also **DENIED**.

*2. Subpoenas of Rice and Gulfport's Records Custodians*

Defendants lodge both substantive and procedural challenges against the subpoenas Plaintiffs served on records custodians from Rice and Gulfport seeking authentication of documents produced by Defendants. (ECF No. 642, Exs. J, K, Records Custodian Trial Subpoenas). This Court need not delve into the merits of these challenges, though, this issue was resolved during the final pre-trial conference on February 15, 2024 (*see* ECF No. 654): As Defendants stated in their Motion, they "do not intend to maintain authenticity as the basis for objection at trial to any documents produced by Defendants." (ECF No. 642 at 11). As such the records custodian subpoenas are unnecessary, and Defendants' Motion is **DENIED AS MOOT**.

**B. Plaintiffs' Motion in the Alternative and Defendants' Motion for a Hearing on Plaintiffs' Motion in the Alternative**

As all parts of Defendants' Motion to Quash were denied or denied as moot, Plaintiffs' Motion in the Alternative (ECF No. 646) and Defendants' Motion for a Hearing on same (ecf No. 648) are both **DENIED AS MOOT**.

**II. CONCLUSION**

For the reasons set forth above, Defendants' Motion to Quash Plaintiffs' Trial Subpoenas to Mr. Peck, Mr. Rice, and Mr. Zitkus and Motion for a Protective Order (ECF Nos. 642) are **DENIED**. Defendants' Motion to Quash as to Plaintiffs' Trial Subpoenas to Rice and Gulfport's Records Custodians (ECF No. 642), Plaintiffs' Motion in the Alternative (ECF No. 646), and Defendants' Motion for a Hearing on Plaintiffs' Motion in the Alternative (ECF No. 648) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
CHIEF UNITED STATES DISTRICT JUDGE**

**DATED: February 27, 2024**